630 A.2d 896

**Steven E. FERN, Jr., Appellant,**

**v.**

**William USSLER, Jr. and Josephine G. Ussler, His Wife.**

Superior Court of Pennsylvania.

Argued April 28, 1993.

Filed Sept. 2, 1993.

Charles D. Garner, Jr., Pottstown, for appellant.

William H. Kinkead, III, Norristown, for appellees.

Before CAVANAUGH, WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from an order granting appellees', William Ussler, Jr. and Josephine Ussler, motion for summary judgment. Appellant, Steven E. Fern, Jr., presents the following question for our review:

> Whether individuals acting in a capacity outside their corporate roles are entitled to the immunities of the Workman's Compensation Act which would apply to the employer corporation, thus entitling them to the entry of Summary Judgment in their favor?

Appellant's Brief at 3. For the following reasons, we reverse.

The relevant facts as set forth by the trial court are as follows:

> On April 28, 1987, [appellant] fell down an exterior staircase of a building located at 82 Main Street, Pennsburg, Montgomery County. [Appellant] injured his back in the fall, which was allegedly caused by a loose step on the staircase. The building is owned by [appellees], husband and wife. Appellees lease the building to McCabe Auto Supply, Inc.,

and McCabe was in the possession of the building at the time of [appellant's] accident. William Ussler[, Jr.] is President and Manager of McCabe, and Josephine Ussler is Secretary and Treasurer of McCabe. [Appellant] was an employee of McCabe at the time of his injury and his injury occurred while he was in the course of performing his duties as an employee. [Appellant] has received workmen's compensation benefits as a result of his injury.

On June 19, 1989, [appellant] filed a complaint alleging that [appellees], as owners of 82 Main Street, were liable to [appellant] for damages as a result of their negligence in maintaining the staircase on which [appellant] was injured. On June 16, 1992, [appellees] filed a motion for summary judgment, contending that [appellant] and [appellees] were co-employees and that exclusivity provisions of the Workman's Compensation Act bar [appellant's] suit as a matter of law. Oral argument on [appellees'] motion was heard ... on October 28, 1992. Following argument and after consideration of the briefs of counsel, the court, by Order dated November 5, 1992, granted [appellees'] Motion for Summary Judgment.

Trial Court Opinion, January 8, 1993, at 1–2. This timely appeal followed.

■ A motion for summary judgment is properly granted only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.Civ.P. 1035(b). In reviewing a motion for summary judgment, the trial court "must examine the record in the light most favorable to the non-moving party." *Laventhol & Horwath v. Dependable Ins. Associates, Inc.,* 396 Pa.Super. 553, 558, 579 A.2d 388, 390 (1990), *appeal denied,* 527 Pa. 648, 593 A.2d 420 (1991). This court will not overturn an order granting summary judgment unless "there has been an error of law or a manifest abuse of discretion." *Dibble v. Security of America Life Ins. Co.,* 404 Pa.Super. 205, 207, 590 A.2d 352, 353 (1991).

In granting appellees' motion for summary judgment, the trial court relied upon 77 P.S. § 72 of the Pennsylvania Workman's Compensation Act which provides as follows:

If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong.

*Id.*

Specifically, the trial court held that as appellant received workman's compensation benefits, appellant's complaint did not allege any intentional wrong by appellees and as both appellant and appellees were employees of McCabe Auto Supply at the time of the accident,[1] 77 P.S. § 72 provided appellees immunity from appellant's action. We disagree. In order to establish section 72 immunity, it must also be demonstrated that the co-employee's act or omission occurred while he was in the "same employ" as the injured employee. 77 P.S. § 72.

In *Apple v. Reichert*, 443 Pa. 289, 278 A.2d 482 (1971), an employee was injured as a result of a co-employee's negligent operation of a motor vehicle. In finding that the co-employee's operation of the vehicle occurred while she was in the "same employ" as the injured employee, the Supreme Court relied upon the fact that "[b]oth parties were proceeding from one place of employment to another during their work day, acting in furtherance of their duties at the time, and in a manner approved by their employer." *Id.* at 293, 278 A.2d at 484. *See also Flanders v. Hoy*, 230 Pa.Super. 322, 328, 326 A.2d 492, 495 (1974) (as the defendant employee's negligent operation of the motor occurred while she and the injured co-employee were on a special errand for their employer, co-employee was prohibited from bringing an action against defendant employee in trespass); *Piniansky & Piniansky v. Ostrowski, et al.*, 77 Lack.Jur. 94 (1976) (although

1. *See* 77 P.S. § 22 ("Every executive officer of a corporation ... shall be an employe of the corporation....").

plaintiff and defendant were co-employees and on their way to work at the time of the accident, as they had not yet arrived at work and were not under direction of their employer, plaintiff was not prohibited from bringing an action of trespass against defendant). Hence, the mere fact that both individuals held positions of employment with the same employer at the time of the act or omission is not sufficient to show that they were in the "same employ" at the time of the act or omission. Rather, the act or omission must occur while both employees are in the performance of their duties as employees.

■■ In the instant action, it is clear that appellant was working as an employee of McCabe Auto Supply at the time of his injury.[2] Hence, we need only determine whether appellees' omission occurred while they were in the performance of their duties as employees of McCabe. We first point out that an omission, unlike an act, occurs only when one has a duty to act. *See* Black's Law Dictionary at 1086. Accordingly, an omission cannot be found to occur while one is serving as employee unless one had a duty to act by virtue of his employment.

As President, William Ussler, Jr. was the general manager in charge of the individual operations of McCabe. Deposition of William Ussler, Jr., December 6, 1991, at 4. There is some evidence that as general manager, he had a duty to inspect and repair unsafe conditions at 82 Main Street. *See* Deposition of William Ussler, Jr. at 33, 37–38. However, this evidence is by no means incontrovertible. As there is nothing in the record to suggest that appellant has conceded this issue of duty, we find that such a determination is properly left within the province of the finder of fact. Regarding Josephine Ussler, we can find nothing in the record to show that her position as secretary and treasurer was in any way related to the inspection and maintenance of the premises in question.

As there remains a genuine issue of fact as to whether, as employees of McCabe, appellees had a duty to ensure the

---

**2.** In his complaint, appellant stated that he was in the course of his employment with McCabe when he was injured.

safety of 82 Main Street, we find that entry of summary judgment was premature in the instant action. *See Laventhol,* 396 Pa.Super. 553, 579 A.2d 388. Accordingly, we reverse the trial court's order granting summary judgment.

Order reversed.

WIEAND, J., concurs in the result.

CAVANAUGH, J., files a dissenting opinion.

CAVANAUGH, Judge, dissenting:

While I agree with the majority that Steven Fern and the Usslers were co-employees of McCabe Auto Supply, for purposes of application of 77 P.S. § 72 Liability of fellow employe, I find no authority for the proposition in the majority opinion that "the act or omission must occur while both employees are in the performance of their duties as employees". (Majority opinion at page 899).[1]

I read the language of 77 P.S. § 72 as broadly comprehensive and inclusive of the facts of this case where Fern, when on the staircase, was in the course and scope of his employment. Appellant is nothing more than a fellow employee of the Usslers who were tenants of the structure, including the staircase in question. I, therefore, see no fact issue for jury determination and would affirm the trial court's entry of summary judgment.

---

1. The true focus of co-employee immunity is whether the injury occurred while the *employee* is actually engaged in the performance of his job. *Heath v. Church's Fried Chicken, Inc.,* 519 Pa. 274, 546 A.2d 1120 (1988); *Lewis v. School District of Philadelphia,* 517 Pa. 461, 538 A.2d 862 (1988).