## Layne v. Fox Chase Cancer Center

C.P. of Bucks County, no. 89-09268.

*Alan Schwartz,* for plaintiff.
*David Gordon,* for defendants.

DEVLIN SCOTT, *J.,* October 24, 1996—Presently before the court are the motions for summary judgment of defendants Fox Chase Cancer Center, Bien T. Samson M.D. and Florence McClurken R.N. For the reasons stated below, we grant defendants' motion and dismiss plaintiffs' amended complaint with prejudice.

Pursuant to the court's order of May 23, 1996, the parties have filed a stipulation of material facts which set forth the following: plaintiff Lorraine Layne was engaged in her part-time employment as a registered operating room nurse with Fox Chase when she developed a severe stomach virus secondary to an upper respiratory infection. She presented to the Employee Health Service for treatment, where she was examined by defendant McClurken. After consulting with defendant Samson, McClurken administered to plaintiff an intramuscular injection of Tigan in her left gluteal muscle. Immediately upon the administration of the injec-

tion, plaintiff began to experience severe pain at the injection site, which radiated into her left leg. Plaintiff then presented to the emergency room at Jeannes Hospital for neurological assessment. There it was determined that the injection punctured plaintiff's left sciatic nerve which resulted in left sciatic neuropathy. Plaintiff continues to suffer from severe chronic pain.

Fox Chase submitted plaintiff's claim to its workers' compensation carrier, PMA Insurance Company. PMA has paid all of plaintiff's medical bills relating to the accident, and plaintiff has been receiving wage loss benefits through PMA since November 1987. However, plaintiffs' answer to Fox Chase's motion for summary judgment avers that there has been no formal determination of compensable injury, and many of plaintiff's medical bills have been refused and payment denied as unrelated to treatment of a work-related injury.

We will address the parties' motions separately.

(1) Fox Chase's motion for summary judgment.

Fox Chase asserts that plaintiffs' claim falls within the coverage of the Workers' Compensation Act, and therefore plaintiff is precluded from pursuing the instant action. We agree.

If an injury is compensable under the Act, the compensation provided by that Act is the employee's exclusive remedy. *Wasserman v. Fifth & Reed Hospital,* 442 Pa. Super. 563, 660 A.2d 600 (1995). Section 303 (a) of the Workers' Compensation Act provides:

"The liability of an employer under this Act shall be exclusive and in place of any and all other inability to such employees . . . on account of any injury . . . as defined in section 301(c)(1) . . . ." 77 P.S. §463 (§303(a)).

Section 301(c)(1) defines an injury arising in the course of employment as follows:

"The term 'injury arising in the course of employment' as used in this article, . . . shall include all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employee, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employee's presence thereon being required by the nature of his employment." 77 P.S. §411 (§301(c)(1)).

Whether an employee was acting in the course of his employment at the time of his injury is a question of law to be determined on the basis of the findings of fact. *Peer v. W.C.A.B. (B & W Construction),* 94 Pa. Commw. 540, 503 A.2d 1096 (1986). Pursuant to section 301(c)(1) (77 P.S. §411), an employee will be considered to have suffered an injury arising in the course of his employment while either (1) actually engaged in furtherance of the employer's business or affairs; or (2) on the premises of the employer even though not actually engaged in furtherance of the employer's business, but only if the nature of his/her employment requires the employee's presence thereon. *Tatrai v. Presbyterian University Hospital,* 497 Pa. 247, 439 A.2d 1162 (1982); *Mann v. City of Philadelphia,* 128 Pa. Commw. 499, 563 A.2d 1284 (1989). Therefore, under *Tatrai* and *Mann,* if plaintiff's situation is within one of these two definitions of injury, then her remedy under the Workers' Compensation Act is exclusive.

Plaintiffs and defendants stipulate that plaintiff was not required to seek treatment at the EHS. Therefore, plaintiff's presence was not required at the EHS, and plaintiff's situation does not fall within the second category of injury arising in the course of employment. However, we find that plaintiff's injury falls within the first category of injury in that her injury occurred while she was "engaged in furtherance of the employer's business or affairs." Therefore, she is barred from bringing the instant action.

The phrase "actually engaged in the furtherance of the business of affairs of the employer" is to be given a liberal construction. *Hemmler v. W.C.A.B. (Clarks Summit State Hospital),* 131 Pa. Commw. 24, 569 A.2d 395 (1990); *Mann v. City of Philadelphia, supra.* Our Superior and Commonwealth Courts have held that employees are actually engaged in the furtherance of the business or affairs of the employer when the activity causing the employee's injuries was encouraged by the employer. See *Snyder v. Pocono Medical Center,* 440 Pa. Super. 606, 656 A.2d 534 (1995); *Budzichowski v. Bell Telephone Co. of PA,* 503 Pa. 160, 469 A.2d 111 (1983); see also, *Hemmler, supra; Mann, supra.*

Instantly, plaintiff sustained her injury while she sought treatment at the EHS. The parties stipulate that the EHS was intended to confer a direct benefit upon Fox Chase by assuring that all workers are fit for duty, minimizing any undue liability risk to Fox Chase, and reducing absenteeism by providing prompt medical evaluation to employees after the onset of illness or injury. (Stipulated fact no. 5.) We find that plaintiff's activity at the time of her injury was encouraged by Fox Chase.

Further, plaintiff, by her subsequent actions, admits that her injury is precisely the type of injury com-

pensable under the Workers' Compensation Act. She has applied for workers' compensation benefits, and has been receiving wage loss compensation since 1987. She also has had medical bills paid through the provisions of the Workers' Compensation Act. By accepting these benefits under the Workers' Compensation Act, she admits that her injury is covered by the Act, which is her exclusive remedy.

In *Mann v. City of Philadelphia, supra,* the plaintiff filed a fatal claim petition for benefits under the Workers' Compensation Act. The city subsequently agreed to pay workers' compensation benefits. Plaintiff then filed a civil action for damages against the city alleging that the pool was operated in a negligent manner. The Superior Court affirmed the order of the court of common pleas granting the city's motion for summary judgment on the basis that benefits under the Act were plaintiff's exclusive remedy. Similarly, in the instant case, plaintiff's benefits under the Act are her exclusive remedy. Accordingly, the motion of defendant Fox Chase for summary judgment is granted.

(2) Defendants Samson and McClurken's motion for summary judgment.

Defendants Samson and McClurken contend that they were acting as employees of Fox Chase on the occasion of plaintiff's injury, and therefore, plaintiff is barred from seeking recovery against them. For the reasons stated below, we agree with defendants and grant their motion.

Section 205 of the Workers' Compensation Act provides an employee with immunity for his negligent acts committed within the scope of his employment. It provides in relevant part: "[i]f disability or death is compensable under this Act, a person shall not be liable to anyone at common law or otherwise on account

of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong." 77 P.S. §72.

Plaintiff contends that section 205 does not apply because at the time of her injury she was not performing any of her employment duties. Plaintiff cites *Fern v. Ussler,* 428 Pa. Super. 210, 630 A.2d 896 (1993), where the Superior Court noted that, "the mere fact that both individuals held positions of employment with the same employer at the time of the act or omission is not sufficient to show that they were in the 'same employ' at the time of the act or omission." *Id.* at 215, 630 A.2d at 898-99. The Superior Court held that section 205 requires that an "act or omission must occur while both employees are in the performance of their duties as employees." *Id.*

We find that *Fern* is inapplicable to the instant case. In *Fern,* plaintiff, an employer of McCabe Auto Supply, was injured after falling down a staircase in front of a building owned by defendants, Mr. and Mrs. Ussler. Mr. Ussler was also the president and manager of McCabe and Mrs. Ussler was its treasurer and secretary. At the time of his injury, plaintiff was performing his duties as an employee of McCabe. Plaintiff received workers' compensation benefits and also filed an action in negligence against defendants.

The trial court granted defendants' motion for summary judgment noting that as co-employees, defendants were immune from liability under section 205. However, the Superior Court reversed, noting that the act or omission must occur while both employees are in the performance of their duties as employees. *Id.* at 215, 630 A.2d at 899. In *Fern,* a determination needed to be made as to whether the defendants, as co-employees

of the plaintiff, owed the plaintiff a duty to inspect and repair the stairs. If no such duty existed, then defendants were immune from liability under section 205. Therefore, entry of summary judgment was premature.

*Fern* is factually distinguishable from the instant case. The issue in *Fern* is whether the co-employee *defendants* were acting within the scope of their employment at the time of plaintiff's injury. Instantly, we are not faced with such a determination. None of the parties dispute that the defendants in the instant case were acting within the scope of their employment at the time of plaintiff's injury. (Stipulated facts no. 13, no. 11.) Therefore, they are immune from liability under section 205.

Further, while plaintiff might not have been actually performing any of her duties at the time of her injury, it was only by virtue of her employment at Fox Chase that she was present at the EHS, where the injury occurred, and that is sufficient to bring this case within section 205.

In *Budzichowski v. Bell Telephone, supra,* our Supreme Court held that an employee injured in the medical dispensary of Bell Telephone could not maintain an action in negligence against Bell because "the Bell dispensary was not available to . . . appellant but for his employment relationship with Bell." *Id.* at 168, 469 A.2d at 115. Similarly, in the instant case, the EHS was not available to plaintiff but for her employment relationship with Fox Chase. Therefore, we find plaintiff's reliance on *Fern* to be misplaced.

Additionally, we find that Samson was acting as an employee at the time of plaintiff's injury, and not as an independent contractor. The parties stipulate that at all times relevant to this matter, defendant Samson was an employee of Fox Chase. (Stipulated fact no. 13.) Further, the fact that defendant Samson maintained

his own medical practice outside of his employment with Fox Chase does not preclude his immunity under the Workers' Compensation Act. According to our Supreme Court in *Budzichowski v. Bell Telephone, supra,*

"In ascertaining whether a person is an employee or an independent contractor, the basic inquiry is whether such person is subject to the alleged employer's control or right to control with respect to his physical conduct in the performance of the services for which he was engaged. . . . An employer-employee relationship may be found even though a particular occupation may involve such technical skill that the employer is wholly incapable of supervising the details of performance." *Id.* at 165, 469 A.2d at 113.

We find that Dr. Samson was an employee within the meaning of section 205. The parties stipulate that at the time of plaintiff's injury, Dr. Samson was required to report to the medical director of Fox Chase, that he was required to keep a time sheet of the hours he worked at the EHS, and that he received the same fringe benefits and was compensated in a manner similar to plaintiff and defendant McClurken. Defendant Samson was also required to meet certain continuing education requirements, and was bound by medical staff bylaws and administrative policies, similar to all other physician-employees. Any care and treatment defendant Samson rendered to plaintiff was within the scope of his employment. (Stipulated facts nos. 13-17.) We find that he was acting as an employee at the time of his injury, and therefore is immune from liability.

Plaintiff further argues that even if we find section 205 to be applicable to this action, defendants are guilty of gross negligence and therefore their conduct is actionable under the intentional wrong exception to section 205. Section 205 does not immunize an employee from

liability when he intentionally causes injury to a fellow employee. However, although section 205 does not immunize employees for intentional conduct, that conduct must be of a type that the employee would not expect to occur in the workplace. *McGinn v. Valloti,* 363 Pa. Super. 88, 525 A.2d 732 (1987), *appeal denied,* 517 Pa. 618, 538 A.2d 500 (1988). We find that the actions of the defendants do not rise to the level of gross negligence necessary to bring this action within the scope of the intentional wrong exception of section 205.

First, we find that plaintiff has failed to plead an intentional tort against defendant Samson. Plaintiff's amended complaint merely alleges that defendant Samson was negligent by failing to exercise the judgment, care and skill as would be reasonably expected from similarly situated physicians and/or health care providers and by failing to properly supervise subordinate medical providers in administration of medical treatment. (Amended complaint, paragraph 27.) These allegations, even if true, allege only mere negligence and are insufficient to bring this case within the gambit of the intentional wrong exception of section 205.

Further, we find that the allegations of intentional wrongs committed by Nurse McClurken do not amount to gross negligence. The amended complaint avers only that defendant McClurken placed the injection "far outside the medically safe area in an intentional and conscious disregard of the inherent risk to plaintiff's sciatic nerve." (Amended complaint, paragraph 32(d).) This improper administration of the injection is not so outrageous as to be unexpected to occur in the workplace. We recognize that there is inherent risk in all medical procedures. We find as a matter of law that plaintiff's averments of intentional wrong are insufficient, and therefore, defendants Samson and McClurken enjoy immunity from suit pursuant to section 205.

222

For all of these reasons, we grant defendants' motion for summary judgment, and enter the following order:

## ORDER

And now, October 24, 1996, upon consideration of defendants' motions for summary judgment of defendants, Fox Chase Cancer Center, Bien T. Samson M.D., and Florence McClurken R.N., plaintiffs' response thereto, memoranda of the parties, stipulation of the parties, and oral argument, it is hereby ordered and decreed that the motions are granted, and plaintiffs' amended complaint is dismissed with prejudice.