**Edward BELL and Deborah Bell, Appellees**

v.

**Andrea KATER, Appellant.**

Superior Court of Pennsylvania.

Argued June 20, 2006.

Filed Feb. 13, 2008.

Daniel J. Davis, Philadelphia, for appellant.

Peter J. McNamara, Philadelphia, for appellees.

BEFORE: KLEIN, GANTMAN, JJ., and McEWEN, P.J.E.

Opinion by KLEIN, J.:

¶ 1 Andrea Kater appeals from the order denying her petition to strike the judgment entered against her following a jury verdict in favor of appellees Edward and Deborah Bell. We affirm.

¶ 2 Essentially, Kater claims that the trial court did not have jurisdiction because she was an employee acting in the

scope of her employment, and despite the fact that she did not raise this objection until after a judgment against her and an appeal, the judgment should be stricken. A common pleas court does have subject matter jurisdiction to determine *if* the Workers' Compensation Act, 77 P.S. §§ 1 *et seq.* ("the Act") bars this action. Further, the issue of whether the parties in this case were in the "same employ," 77 P.S. § 72, was not fully litigated in this case. For these reasons, Kater's argument that she can raise the defense of immunity in a petition to strike three years after verdict because it is a non-waivable jurisdictional defense must fail.

■ ¶ 3 This case proceeded through trial and an appeal without even a suggestion that the defense would one day raise immunity from suit because of a workers' compensation bar. Although the principle that the courts of common pleas have no ability to hear a case *if* there is a worker's compensation bar pervades Kater's argument, the fact is that her argument merely presumes such a determination was made. It was not, and the courts of common pleas do have the power to make that determination in the first instance. The jurisdiction of the court is simply another way of saying the court has the power to act in a given set of circumstances. What court in this Commonwealth, if not the common pleas court, has the power to make a determination of whether there is a workers' compensation bar? It is only if that court determines there is a bar to the action that it then has no power to act in the matter, and in the normal course this would occur in a judgment on the pleadings or a motion for summary judgment. As it is the duty of the common pleas court to determine whether or not there is jurisdiction, and the right of the plaintiffs to bring up facts that show that defendant Andrea Kater was no longer in the course of her employment at the time of the accident, we conclude that the distinguished trial judge, the Honorable Gary S. Glazer, properly barred Kater's belated claim of immunity. We find no manifest abuse of discretion or error of law and we therefore affirm the order denying the petition to strike.[1]

**Facts**

¶ 4 On October 25, 1999, Andrea Kater was involved in a car accident in the parking lot of Paul's Run Housing Complex (Paul's Run), a retirement community in Philadelphia. Kater, who was employed by Paul's Run as a licensed practical nurse, was driving her car in the Paul's Run parking lot when she struck Edward Bell, a security supervisor who was also employed by Paul's Run.

¶ 5 Earlier that day, Kater complained that she had injured her arm during her shift. As a result, Kater's employer arranged for her to leave her job at 11:55 a.m. for an appointment at a WorkHealth Clinic at Frankford Hospital. WorkHealth's staff observed Kater emotionally overreacting to her treatment and notified Paul's Run of Kater's erratic behavior. Kater was treated at Frankford Hospital, discharged at 3:55 p.m., and transported back to Paul's Run.

¶ 6 Because her shift ended at 3:00 p.m., Kater did not return to work. Instead, she went directly to the employee parking lot to retrieve her car. While driving in

---

1. Our standard of review from the denial of a petition to strike a judgment is limited to whether the trial court manifestly abused its discretion or committed an error of law. A petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. Matters outside of the record will not be considered, and if the record is self-sustaining, the judgment will not be stricken. *Vogt v. Liberty Mut. Fire Ins. Co.*, 900 A.2d 912, 915–16 (Pa.Super.2006) (internal citations omitted).

the parking lot with one arm in a sling, Kater struck Edward Bell, who was on duty as a security guard and stationed at the parking lot at the time. The accident occurred at approximately 4:50 p.m.

¶ 7 After the accident, an incident report was prepared by another Paul's Run security guard, Edward Donahue, who witnessed the accident. Kater was disciplined by her employer, and, as it turned out, the day of the accident was Kater's last day of employment at Paul's Run. She was terminated from her employment the next day. Included in Kater's personnel file was a memo from Sara Cartin, the Human Resources representative at Paul's Run, stating that Kater's dangerous conduct was the reason for termination, effective October 25, 1999, and a memo from WorkHealth Staff regarding Kater's behavior during her treatment there on October 25, 1999.

¶ 8 As a result of the accident, Edward Bell suffered injuries to his left leg, which required five operations. Bell filed a workers' compensation claim and received $106,445.00 in benefits under the Act to compensate him for his injuries.

¶ 9 On December 21, 2000, Bell and his wife, Deborah Bell, filed a personal injury action against Kater alleging negligence and loss of consortium. At trial, Bell testified that he saw Kater driving too fast and motioned for her to slow down. Edward Donahue testified to this as well. Kater testified that she did not hit Bell.

### Procedural History

¶ 10 Following trial, a jury entered a verdict on July 31, 2002 in favor of the Bells in the amount of $2,000,000.00. Post-trial motions were filed and denied. Judgment was entered on the verdict on November 1, 2002.

¶ 11 An untimely appeal was filed on December 3, 2002. The next day Kater filed a petition in the trial court to reinstate her appellate rights *nunc pro tunc.* The trial court granted this petition on January 15, 2003; however, that same day, this Court quashed the untimely appeal.

¶ 12 Kater filed a second notice of appeal on January 27, 2003, as well as a motion for reconsideration of the order quashing the first appeal. On February 12, 2003, this Court denied the motion for reconsideration. On November 13, 2003, this Court quashed Kater's second appeal, concluding the *nunc pro tunc* (second) appeal was void since the trial court, pursuant to Pa.R.A.P. 1701, was divested of jurisdiction once Kater filed her first appeal. *See Bell v. Kater,* 839 A.2d 356 (Pa.Super.2003). Kater's petition for allowance of appeal in the Supreme Court of Pennsylvania was denied on September 3, 2004. Eleven months later Kater filed a petition to strike the judgment, which was denied on November 7, 2005. This appeal followed.

### Issues

¶ 13 Kater raises the following issues on appeal:

(1) The trial court erred in denying defendant's petition to strike the judgment because the Workers' Compensation Act, 77 P.S. § 72, is a complete defense to plaintiffs' claims;

(2) The trial court erred in failing to find that defendant was acting in the course and scope of her employment and in the same employ as plaintiff at the time of the accident;

(3) The trial court erred in failing to find that the Workers' Compensation Act defense, 77 P.S. § 72, is a jurisdictional defense which cannot be waived;

(4) The trial court erred in finding that defendant's petition was barred by

the doctrine of laches, equitable estoppel and/or waiver;

(5) The trial court erred in failing to find that it did not have subject matter jurisdiction.

¶ 14 Kater claims that workers' compensation immunity is a jurisdictional bar to the claim, and it cannot be waived. She maintains that the defense of lack of subject matter jurisdiction can be raised at any time, even after judgment has been entered, and that the Act divested the trial court of subject matter jurisdiction over the Bells' claims *ab initio*. Kater claims, therefore, that the trial court lacked jurisdiction to enter the original judgment against her, and this Court must reverse the trial court's denial of her petition to strike that judgment. Additionally, Kater argues that the trial judge erred in finding that she was not acting in the course and scope of her employment at the time of the accident and therefore was not in the "same employ" as Edward Bell. She claims that because she was in the "same employ" as Edward Bell at the time of the accident, the Workers' Compensation Act bars the claim against her.

¶ 15 Although many of the principles Kater puts forth are correct, she has misapplied them to the facts of her case. As a practical matter, and as a matter of fairness and certainty in the law, we cannot find that a judgment is void *ab initio* for want of jurisdiction simply because a workers' compensation issue is raised years later, which, had it been properly raised and litigated, *then* might have deprived the court of jurisdiction *if* the court ruled in her favor. Kater's argument presumes too much, relying on a premise that was never established. Her argument, therefore, is meritless. Since the claims overlap, we will address them as one.

### 1. The claims of immunity and lack of jurisdiction must be pled by defendant and decided by the trial court.

#### a) Immunity

¶ 16 Section 72 of the Act, otherwise known as "co-employee immunity," provides:

> If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong.

77 P.S. § 72. A defendant is immune from liability for negligence against a fellow employee if the parties are in the same employ. *Apple v. Reichert*, 443 Pa. 289, 278 A.2d 482 (1971).

¶ 17 In *Apple*, an employee was injured as a result of a co-employee's negligent operation of a motor vehicle. In finding that the co-employee's operation of the vehicle occurred while she was in the "same employ" as the injured employee, the Supreme Court relied upon the fact that "[b]oth parties were proceeding from one place of employment to another during their work day, acting in furtherance of their duties at the time, and in a manner approved by their employer." *Id.* at 484.

¶ 18 Contrary to Kater's assumptions here, the mere fact that both parties held positions of employment with the same employer at the time of the accident is not sufficient to show that they were in the "same employ" at the time of the accident. *Fern v. Ussler*, 428 Pa.Super. 210, 630 A.2d 896, 898–99 (1993). "Rather, the act or omission must occur while both employees are in the performance of their duties as employees." *Id.* at 899. In order to establish immunity under the Work-

ers' Compensation Act, the *defendant* is required to establish that her act or omission occurred while she was in the "same employ" as the plaintiff, that is, in the course of her performance of duties for the employer. *See Fern, supra.*

¶ 19 Had this claim been raised and litigated, and determined in Kater's favor, the Act would have immunized Kater from liability for tort actions brought by fellow employees. However, if the trial court determined that the two employees were not both in the scope of their employment at the time of the accident, then there would be no immunity.

■ ¶ 20 Pennsylvania Rule of Civil Procedure 1030 provides that, in a civil proceeding, "all affirmative defenses including ... immunity from suit" must be pled in a responsive pleading. Pa.R.C.P. No. 1030(a). Rule 1032 provides for the waiver of these affirmative defenses except for "any ... nonwaivable defense or objection." Pa.R.C.P. No. 1032(a). Here, Kater waived the defense of immunity.

¶ 21 Kater's failure to claim immunity did not give the plaintiff the opportunity to contest the status of the defendant as an employee *in the scope of her employment.* The accident occurred on October 25, 1999 and the jury's verdict was entered on July 31, 2002. The petition to strike, where Kater raised the defense of immunity for the first time, was not filed until August 11, 2005, almost six years after the accident. As presented, Kater's argument avoids her burden of demonstrating by the production of evidence that the incident occurred between co-employees who were in the course and scope of their employment, while at the same time denying the Bells the opportunity to produce specific evidence to show otherwise. The Bells did not produce this evidence in any earlier proceeding because course and scope of employment was never at issue. Kater

could and should have raised the defense of immunity in her responsive pleadings. Then, the evidence could have been presented to the trial court and the issue of whether or not there was in fact a problem with jurisdiction because of a worker's compensation bar could be determined. Failure to plead or present this issue denied the Bells the opportunity to investigate and produce specific evidence to contradict that claim. Judge Glazer noted that this claim is barred for having been raised well past its "sell-by" date. We agree.

### b) Jurisdiction

■ ¶ 22 It is the law of this Commonwealth that a judgment may be attacked for lack of jurisdiction at any time, as any such judgment or decree rendered by a court that lacks subject matter or personal jurisdiction is null and void. *See Flynn v. Casa Di Bertacchi Corp.,* 449 Pa.Super. 606, 674 A.2d 1099 (1996). While jurisdiction cannot be waived, it is not conceded that there is any problem with the court's jurisdiction in this case.

¶ 23 Whether or not there is a problem with jurisdiction is a fact-sensitive issue. If it turns out that Kater's arm injury did not occur while she was working, or that her long period in the hospital was occasioned by reasons other than her arm problem, or even that she drove into Bell intentionally, then there would be no workers' compensation bar.

■ ¶ 24 A nonwaivable defense such as lack of jurisdiction is one in which the specific language of the statute operates to bar or destroy the claimant's right to bring an action. That is different from a defense which bars recovery, i.e. one that bars the remedy rather than the right to sue. *See, e.g., Bellotti v. Spaeder,* 433 Pa. 219, 249

A.2d 343 (1969); *Coldren v. Peterman*, 763 A.2d 905 (Pa.Super.2000).

¶ 25 As noted, in this case the defenses of workers' compensation immunity and lack of jurisdiction were never suggested. Kater might allege that the claim is jurisdictionally barred under the Workers' Compensation Act now, but she has never shown that the Act applies to bar the Bells' suit against her. She has not shown this because she never raised the issue in a timely manner before the trial court. This is not a situation where the course and scope of employment are obvious. This incident did not occur while two workers were performing their jobs on the factory line. There is no federal preemption at issue here, nor any other obvious jurisdictional bars. Determinations relevant to course and scope of employment involve issues of fact and credibility which should only be determined by the trial court by examining the evidence.

¶ 26 To show that she is entitled to the jurisdictional relief provided under the Workers' Compensation Act, Kater had to first raise the defense of immunity in preliminary objections or new matter. Kater would have then had the opportunity to produce evidence to support her current claim that the trial court had no jurisdiction due to her work status. Similarly, Bell would have had the opportunity to produce evidence to contradict the claim of a workers' compensation bar.

¶ 27 *Before one can say there is no jurisdiction in the common pleas court, the claim of immunity must be raised and determined in favor of the defendant.* The claim of immunity from suit should not be a sword wielded years after the fact where the opportunity to refute the claim has been dulled by time. Where the facts are agreed upon and only one conclusion may be reached, then there is no problem with raising a jurisdictional defense after judgment has been entered but before execution on the judgment has taken place. Since the facts are hotly contested in this case, it is far from clear that Workers' Compensation Act applied. Absent immunity by the Workers' Compensation Act, the Bells' complaint in negligence was clearly within the jurisdiction of the court of common pleas.

¶ 28 Kater's reliance on *LeFlar v. Gulf Creek Indus. Park No. 2*, 511 Pa. 574, 515 A.2d 875 (1986), is misplaced. *LeFlar* is easily distinguished and not applicable to the facts or procedure in the case before us.

¶ 29 Because of our conclusion that the affirmative defense of immunity from suit under the Worker's Compensation Act was not pled and is therefore waived, we need not reach Judge Glazer's alternate holding that laches bars Kater's claims.

¶ 30 Therefore, the trial court had jurisdiction to determine whether or not it was deprived of jurisdiction because of the workers' compensation bar. Kater's failure to plead and present any evidence of immunity from suit under the Workers' Compensation Act precludes her from raising it now.

¶ 31 Order affirmed.