J. A25013/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHERLENE GUDALEFSKY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| DR. JOHN NIPPLE, PHYSICIAN WITH | : | No. 442 MDA 2016 |
| COMMUNITY GENERAL OSTEOPATHIC | : | |
| HOSPITAL | : | |

Appeal from the Order Entered February 17, 2016,
in the Court of Common Pleas of Dauphin County
Civil Division at No. 2013-CV-10101-MM

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JANUARY 24, 2017**

Cherlene Gudalefsky, ***pro se***, appeals the order of the Court of Common Pleas of Dauphin County in which the trial court declined to entertain appellant's motion to strike judgment because the case was closed.

The facts, as recounted by this court in a previous related memorandum opinion, are as follows:

> In November 2013, Appellant, proceeding ***pro se***, initiated this action by writ of summons against Appellee.  Appellant filed a complaint in March 2014, alleging medical malpractice resulting in the death of her mother, Ms. Shirley Homer. Appellant did not file a certificate of merit with her complaint.  Accordingly, Appellee filed a notice of his intention to enter a judgment of ***non pros***.

---

* Former Justice specially assigned to the Superior Court.

> In April 2014, Appellant filed a document, entitled "Certificate of Qualified Expert." The document appears to be a summary report authored by Dr. Terrance L. Baker, who suggests that Appellee breached the applicable standard of care during the course of his treatment of Appellant's mother.
>
> In May 2014, Appellee filed a praecipe for entry of judgment of *non pros* on the ground that Appellant had not filed a proper certificate of merit. Thereupon, the Dauphin County Prothonotary entered judgment in Appellee's favor.
>
> In June 2014, Appellant filed a motion, denied by the trial court for failing to comply with local rules, and thereafter, an amended motion, asserting that she had filed a suitable substitute for a certificate of merit and requesting that the trial court reopen her case. In September 2014, the trial court denied Appellant's prayer for relief. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

***Gudalefsky v. Nipple***, ＿＿ A.3d ＿＿ (Pa.Super. 2015) (unpublished memorandum at 1-3), ***petition for allowance of appeal denied***, 130 A.3d 1290 (Pa. 2015) (footnote omitted).

This court affirmed the determination that appellant failed to file a certificate of merit ("COM") in the form required by Pennsylvania Rule of Civil Procedure 1042.10 and determined that the trial court did not abuse its discretion when it denied appellant's motion to open judgment of ***non pros***.

On December 29, 2015, the Supreme Court of Pennsylvania denied appellant's petition for allowance of appeal. ***Id.***

On February 12, 2016, appellant petitioned to strike judgment and alleged that she filed the required COM on April 28, 2014.

By order dated February 17, 2016, the trial court stated that the petition "will not be entertained as this case is closed. Judgment of **non pros** was entered on May 29, 2014, and plaintiff's appeals to this court regarding said judgment were denied." (Order, 2/17/16 at 1.) The trial court explained its decision:

> It is well-settled law that all legal pleadings and civil actions must be done in accordance with the Pennsylvania Rules of Civil Procedure. In Dauphin County, a pleading will not be entertained when a litigant fails to follow either the Pennsylvania Rules of Civil Procedure or the Dauphin County Local Rules of Court. In the instant matter, Appellant attempted to file a pleading after a judgment of non pros had been entered, her petition to open judgment of non pros was denied, and the Superior Court affirmed the denial and the judgment of non pros.
>
> Pennsylvania Rule of Civil Procedure 3051 sets forth the procedure for requesting relief from a judgment of non pros. It states that relief must be sought by petition, and "[a]ll grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition." In the instant case, Appellant filed a petition to open judgment in 2014, which was ultimately denied. Following the disposition of the appeal from that decision, Appellant filed a petition to strike judgment in an attempt to get a second bite of the appellant [sic]. According to the rule, Appellant only gets one chance for relief from a judgment of non pros -- that was done in 2014. Appellant's Petition to Strike Judgment was properly non-entertained.

Trial court opinion, 3/28/16 at 2.

On appeal to this court, appellant contends that the judgment of *non pros* must be stricken because appellant filed a motion requesting consideration involving both medical malpractice and wrongful death date-stamped April 28, 2014, which included a [COM].

> Our standard of review from the denial of a petition to strike a judgment is limited to whether the trial court manifestly abused its discretion or committed an error of law. A petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. Matters outside of the record will not be considered, and if the record is self-sustaining, the judgment will not be stricken.

*Bell v. Kater*, 943 A.2d 293, 295 n.1 (Pa.Super. 2008) (citation omitted).

As the trial court stated, Pennsylvania Rule of Civil Procedure 3051(a) provides, "[r]elief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it must be asserted in a single petition." Pa.R.C.P. 3051(a). The trial court properly declined to entertain this petition to strike because appellant previously filed a motion which the trial court considered a motion to open judgment of *non pros*. Appellant's motion to strike did not comply with Rule 3051(a) of the Pennsylvania Rules of Civil Procedure because she did not bring her requests for relief in a single petition.[1]

Order affirmed.

J. A25013/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/2017

---

[1] Even if the trial court had entertained the motion, appellant would not prevail as she asserts that she did file the required COM. The trial court and this court already held that she did not.