J-A02043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| YAMPOLSKY, MANDELOFF, SILVER, RYAN & CO. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| PETER ECONOMOU AND 249-251 2ND STREET ASSOCIATES, LLC: BELMONT PROPERTIES, INC. CHE SAN PROPERTIES, LLC: E.M.M. DEVELOPERS, LLC: FSD 1515 LLC: FSD URBAN DEVELOPERS, LLC: LANSDALE HOLDING GROUP, LLC: LANSDALE HOLDING GROUP ASSOCIATES, LP: LIBERTIES LOFTS TENANT, LP: LIBERTIES LOFTS, LLC: MARATHON DESIGN & CONSTRUCTION, LLC: PHOENIX, LLC | |
| APPEAL OF: LIBERTIES LOFTS, LLC | No. 25 EDA 2016 |

Appeal from the Judgment December 10, 2015
in the Court of Common Pleas of Philadelphia County Civil Division
at No(s): July Term, 2011, No. 01809

BEFORE: OTT, RANSOM, AND FITZGERALD,* JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JUNE 21, 2017**

Appellant Liberties Lofts, LLC appeals from the judgment of $21,955.18 entered in the Philadelphia Court of Common Pleas in favor of Appellee Yampolsky, Mandeloff, Silver, Ryan & Co. after a non-jury trial. Appellant argues, *inter alia*, that the trial court abused its discretion by permitting Appellee to introduce evidence that other judges on the same court precluded in prior orders. We are constrained to conclude that the trial court did not enter a final order due to Appellee's failure to serve multiple

_____
* Former Justice specially assigned to the Superior Court.

defendants other than Appellant with original process.  Accordingly, we quash this appeal.

This case has a tangled history.  In June 2011, Appellee, an accounting firm, filed this action against Appellant and eleven other defendants[1] alleging their failure to pay fees owed for accounting services.  The trial court docket indicates that Appellant was the only defendant served with original process.

The trial court placed this case into the compulsory arbitration program.  On May 2, 2012, Appellant filed a motion to compel depositions of several employees of Appellee.  In an order dated May 18, 2012, the Honorable Sandra Mazer Moss granted Appellant's motion and required eight employees of Appellee to appear for deposition, including Alan Mandeloff, CPA, and Terry Silver, CPA, a partner in Appellee's firm.  Order, 5/18/12.

The case proceeded to arbitration without further discovery.  In an award docketed on June 20, 2012, the arbitration panel found in favor of Appellee and against Appellant in the amount of $16,001.50.  On July 10, 2012, Appellant filed a *de novo* appeal to the court of common pleas from the arbitration award.

On September 27, 2012, the trial court entered another order requiring Appellee's employees to appear for deposition.  On October 26, 2012, Appellant filed a motion seeking summary judgment on the ground

---

[1] As discussed below, one of the unserved defendants was Liberties Lofts Tenants, LP ("Tenants").

that Appellee failed to produce Silver and Mandeloff for depositions. Mot. For Summ. J., 10/26/12, at ¶¶ 10-13. On December 10, 2012, the Honorable Leon Tucker entered summary judgment in favor of Appellant. Order, 12/10/12. On December 26, 2012, Appellee appealed to this Court.

On September 26, 2013, a panel of this Court reversed the order granting summary judgment against Appellee and remanded for further proceedings. *See Yampolsky v. Economou*, 122 EDA 2013 (Pa. Super., Sep. 26, 2013) (unpublished memorandum). The panel held that the entry of judgment in favor of Appellant constituted an abuse of discretion, because the record did not support a finding that Appellee's noncompliance with the discovery order was willful or committed in bad faith. *Id.* at 5. We instructed that the trial court on remand could impose "other, more appropriate sanctions as it sees fit to ensure [Appellee's] future compliance" but found the "entry of summary judgment in [Appellant's] favor was too severe a sanction based the evidence of record." *Id.* at 6.

Upon remand, on November 4, 2013, Judge Tucker found that Appellee failed to comply with the September 27, 2012 discovery order. The court entered an order "preclud[ing Appellee] from offering evidence or testimony as to liability and/or damage at [a]rbitration and/or at trial." Order, 11/4/13.

On September 30, 2014, the case proceeded to trial before the Honorable Idee Fox. Pursuant to Judge Tucker's November 4, 2013 order,

Judge Fox precluded Appellee from presenting testimony and granted Appellant's motion for nonsuit. On November 10, 2014, however, the court granted Appellee's post-trial motions and ordered a new trial on the ground that Judge Tucker's order conflicted with this Court's decision at 122 EDA 2013.

In January 2015, Silver's and Mandeloff's depositions took place. On August 10, 2015, the matter proceeded to a non-jury trial. The trial judge entered a decision in favor of Appellee and against Appellant in the amount of $15,074.00 plus interest in the amount of $6,881.18. The trial judge also found in favor of Appellee and against Tenants, one of the unserved defendants, in the amount of $10,623.14. The trial judge found against Appellee as to the remaining defendants. Appellant filed post-trial motions, which the trial judge denied. On December 10, 2015, Appellee entered judgment on the decision. On December 21, 2015, Appellant appealed to this Court. Appellant and the trial court complied with Pa.R.A.P. 1925.

In this appeal, Appellee raises numerous issues assailing the trial proceedings. Appellant's Brief at 2-3. Before we may address Appellant's arguments, we must first determine whether we have jurisdiction over its appeal. Although neither party has raised this issue, this Court may raise issues regarding our jurisdiction *sua sponte*. **See Estate of Considine v. Wachovia Bank**, 966 A.2d 1148, 1511 (Pa. Super. 2009).

In this case, the trial judge entered a decision (1) against one defendant served with original process, (2) against another defendant not served with original process, and (3) in favor of multiple defendants who were not served with original process. The trial court, however, lacked jurisdiction over all defendants who were not served with original process, *i.e.,* all defendants except for Appellant. ***See Bloome v. Alan,*** 154 A.3d 1271, 1274 (Pa. Super. 2017). As a result, there is no final order in this case, thus depriving us of jurisdiction over this appeal.

"The rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent upon proper service having been made." ***Sharp v. Valley Forge Medical Center and Heart Hospital, Inc.,*** 221 A.2d 185, 187 (Pa. 1966). Absent service of original process, the trial court cannot enter judgment against the defendant. ***See Bloome***, 154 A.3d at 1274 & n. 8. In ***Bloome***, the plaintiff failed to serve original process upon two defendants named in her writ of summons and two of the six defendants named in her amended complaint. Several defendants whom the plaintiff served with process filed preliminary objections, and the trial court sustained the preliminary objections and dismissed the amended complaint. We quashed the plaintiff's appeals[2] from

---

[2] The plaintiff filed four appeals from the order of dismissal. ***Id.*** at 1271 n.1.

the order of dismissal because it was not a final order under Rule 341(b)(2).[3] We reasoned:

> [T]here is no indication from the record that [the a]ppellant served the amended complaint upon Edwardsville Apartments Management, LLC, or Eagle Ridge Apartments, Inc. Furthermore, these parties did not file preliminary objections, have not been dismissed from this matter, and [the a]ppellant has not discontinued her case against them.
>
> Accordingly, until [the a]ppellant obtains the trial court's determination of finality, acquires this Court's permission to appeal per Chapter 13 of the appellate rules, or obtains leave of court to discontinue her case pending against various parties, we lack jurisdiction to entertain the appeals as filed.

*Id.* at 1274 (footnotes omitted). In a footnote, we added:

> [The a]ppellant filed a writ of summons against Alan Morris (or Morris Alan) and Hillside Gardens, LTD.; however, she failed to effectuate proper service of the writ, thus depriving the trial court of personal jurisdiction over

---

[3] Pa.R.A.P. 341 provides in relevant part:

> **(a) General rule.** Except as prescribed in subdivisions (d), and (e) of this rule, an appeal may be taken as of right from any final order of [a] . . . lower court.
>
> **(b) Definition of final order.** A final order is any order that:
>
> (1) disposes of all claims and of all parties; or
> (2) RESCINDED
> (3) is entered as a final order pursuant to subdivision (c) of this rule.

*Id.* Under Rule 341(b)(3) and (c), an otherwise non-final order becomes final and appealable when the trial court certifies that an immediate appeal will facilitate resolution of the entire case. *Id.*

them. ***See Cahill v. Schults***, [] 643 A.2d 121 ([Pa. Super.] 1994). Moreover, [the a]ppellant failed to name either party as a defendant in any ensuing complaint and, more particularly, [the a]ppellant did not include either party as a defendant in the amended complaint. Thus, there are no claims pending against them. ***See Brooks v. B & R Touring Co.***, 939 A.2d 398 (Pa. Super. 2007) . . . Therefore, the trial court is directed to determine whether these parties should be stricken from this matter.

*Id.* at 1274 n.8. In another footnote, we stated:

Appellant makes no argument that the [] order [of dismissal] is expressly defined by statute as a final order. Likewise, she does not qualify the order on appeal as interlocutory as of right or collateral to the main cause of action. ***See*** Pa.R.A.P. 311; 313. Rather, she mistakenly suggests she is appealing from a final order, which dismissed all parties and all claims.

*Id.* at 1274 n.7.

***Bloome*** teaches that the trial court must have jurisdiction over all defendants in order to enter a final order. Here, Appellee failed to serve original process on eleven of the twelve defendants named in Appellee's complaint. The unserved defendants did not file responsive pleadings, were never dismissed, and Appellee never discontinued its action against them. Thus, the trial court lacked jurisdiction over the unserved defendants, so it did not enter a final disposition as to "all claims and . . . all parties." Pa.R.A.P. 341(b)(1). Because there is no final, appealable order in this case, we quash this appeal.[4]

---

[4] For the same reason, the prior decision of this Court at 122 EDA 2013 is a nullity as well. While it is unusual for us to declare a prior decision of this

- 7 -

J-A02043-17

Appeal quashed.

Judge Ransom joins the Memorandum.

Judge Ott files a Dissenting Statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2017

---

Court null and void, it lies within our authority to do so, for "a judgment may be attacked for lack of jurisdiction at any time, as any such judgment or decree rendered by a court that lacks subject matter or personal jurisdiction is null and void." **Bell v. Kater**, 943 A.2d 293, 298 (Pa. Super. 2008) (citation omitted).