J-A17008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERTA ALLEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| VALERIETINA L. COLBERT, LATANIA | : | |
| L. COLBERT,  AND WEE R. FAMILY | : | |
| CHILD CARE | : | |
| | : | |
| | : | |
| APPEAL OF: VALERIETINA L. | : | |
| COLBERT | : | No. 3231 EDA 2019 |

Appeal from the Order Entered October 2, 2019
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  No. 171000328

BEFORE:  BOWES, J., McCAFFERY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                **FILED NOVEMBER 13, 2020**

Valerietina L. Colbert ("Ms. Colbert") appeals from the order that granted the motion to enforce settlement filed by Roberta Allen ("Ms. Allen") in this personal injury action.  We affirm and remand for the trial court to award attorney fees to Ms. Allen.

We glean the following background from the trial court opinion.  Ms. Colbert and her sister, Latania L. Colbert, owned and operated the daycare Wee R. Family Childcare out of Ms. Colbert's residence.  Ms. Allen worked at Wee R. Family as a teacher.  In August 2016, Ms. Allen was injured in the course and scope of her employment when one of the basement steps collapsed.  As the Colberts did not have workers' compensation coverage, Ms. Allen was able to obtain funds from the Uninsured Employers Guaranty Fund ("UEGF"), albeit an insufficient amount to fully compensate for her injuries.

In October 2017, Ms. Allen filed a civil complaint against the Colberts and Wee R. Family alleging a claim of negligence. Ms. Allen obtained default judgments against the defendants, but later stipulated to the opening thereof by the trial court. The case was scheduled for arbitration but was settled by the parties on September 7, 2018 prior to the hearing.

In February 2019, Ms. Allen filed a motion to enforce the settlement. At a May 2019 hearing on the motion, counsel for Ms. Colbert acknowledged that they had agreed to settle the case for $3,000, but argued that they had not agreed to certain penalty provisions included in the release drafted by Ms. Allen. Other than disputing the release language, Ms. Colbert offered no challenge to the settlement. At the conclusion of the hearing, the court ruled that Ms. Colbert had four months to pay the balance of the settlement, or Ms. Allen could return and request a penalty and attorney fees. **See** N.T. Hearing, 5/28/19, at 14.

Ms. Allen returned to the trial court on October 1, 2019, and reported that Ms. Colbert had not yet paid pursuant to the settlement. Ms. Colbert appeared with new counsel, who indicated that he had been retained a mere two hours before the hearing, and argued that the settlement agreement was unenforceable as against public policy because Ms. Colbert is immune from suit under the Workers' Compensation Act ("WCA"), and that prior counsel improperly advised her to settle the case. **See** N.T. Hearing, 10/1/19, at 6-8. Ms. Allen countered that WCA immunity did not apply because Ms. Colbert

had no workers' compensation insurance, that Ms. Colbert had repeatedly contacted Ms. Allen's attorney between the enforcement hearings and promised to pay the settlement, and that if Ms. Colbert's prior counsel had misadvised her, that was not a public policy issue, but a matter between her and her former counsel. *Id*. at 9-11.

On October 2, 2019, the trial court entered an order finding that the parties had entered a valid and binding agreement on September 8, 2018, and that the terms of the agreement included that the defendants would pay $3,000 in twelve monthly installments of $250, and that, if a payment was missed, Ms. Allen had the right to seek an additional $5,000 plus attorney fees. *See* Order, 10/2/19. Ms. Colbert filed a motion for reconsideration, alleging therein that UEGF held a subrogation lien and that Ms. Allen had not complied with her duty to advise UEGF of the instant action. *See* Motion for Reconsideration, 10/11/19, at 1-2. Ms. Allen responded, noting, *inter alia*, that any issue with subrogation was between Ms. Allen and the UEGF, and Ms. Colbert had no standing to raise a claim on UEGF's behalf. *See* Response to Motion for Reconsideration, 10/17/19, at 1. The trial court denied the motion for reconsideration by order dated October 29, 2019.

Ms. Colbert filed a timely notice of appeal from the October 2, 2019 order granting the motion to enforce. Both Ms. Colbert and the trial court complied with their duties pursuant to Pa.R.A.P. 1925. Ms. Colbert presents

three questions for our consideration, which we have re-ordered for ease of disposition:

1. Did the trial court err by granting the Motion to Enforce Settlement Agreement in Violation of 77 Pa. Cons. Stat. Section 481, the exclusivity provision of the Workers' Compensation Statute?

2. Did the trial court err by granting the Motion to Enforce Settlement Agreement when it lacked subject matter jurisdiction pursuant to the exclusivity provision of the Workers' Compensation Act?

3. Did the trial court err by granting the Motion to Enforce Settlement Agreement when the Appellee failed to notify the [UEGF] of the initiation of the lawsuit?

Ms. Colbert's brief at 3.

We begin with a review of the pertinent legal principles. "Parties with possible claims may settle their differences with each other upon such terms as are suitable to them. However improvident their agreement may be or subsequently prove for either party, their agreement, absent fraud, accident or mutual mistake, is the law of their case." *Clark v. Philadelphia Coll. of Osteopathic Med.*, 693 A.2d 202, 207 (Pa.Super. 1997) (cleaned up). "Settlement agreements are enforced according to principles of contract law. Courts will enforce a settlement agreement if all its material terms are agreed upon." *Felix v. Giuseppe Kitchens & Baths, Inc.*, 848 A.2d 943, 947 (Pa.Super. 2004) (citations omitted). "Where parties have reached an oral agreement, the fact that they intend to reduce the agreement to writing does

not prevent enforcement of the oral agreement." ***Bennett v. Juzelenos***, 791 A.2d 403, 407 (Pa.Super. 2002) (cleaned up).

Ms. Colbert offers only scant, cursory argument in support of her appellate issues, none of which even arguably touches upon fraud, accident, or mutual mistake. Accordingly, we shall not belabor our analysis, but offer a similarly brief explanation for our conclusion that none of Ms. Colbert's claims of error has merit.

First, Ms. Colbert argues that the WCA provided the exclusive remedy for Ms. Allen's work-related injury, and that Ms. Allen could not obtain a double recovery by filing a tort claim after recovering under the WCA. ***See*** Ms. Colbert's brief at 8-9. Ms. Colbert is correct insofar as she observes that the WCA generally provides the exclusive remedy for employment-related injuries, and that employers are immune from tort claims seeking damages for such. ***See*** 77 P.S. § 481(a). However, such immunity is not absolute and may be waived. Specifically, "an employer loses its immunity . . . and may be sued at common law where it fails to insure for workers' compensation liability." ***Lozado v. W.C.A.B. (Dependable Concrete Work & Uninsured Employers Guar. Fund)***, 123 A.3d 365, 372 (Pa.Cmwlth. 2015) (citing 77 P.S. § 201(d). Ms. Colbert does not dispute the fact that she failed to maintain insurance coverage for WCA liability. Instead, she freely acknowledges that the prior recovery Ms. Allen received was from the fund for **uninsured** employers. ***See*** Ms. Colbert's brief at 5. Furthermore, as the trial court noted,

Ms. Allen's UEGF recovery was insufficient to compensate her for the work-related injuries she sustained. Accordingly, there is no basis to conclude that any double recovery will result in this case. *See* Trial Court Opinion, 2/10/20, at 2 ("Funds from the UEGF were not adequate to compensate [Ms. Allen] for her injuries and [she] properly brought a civil action against [Ms. Colbert].""). Hence, we have no cause to conclude that Ms. Colbert was immune from tort liability for Ms. Allen's injuries.

Next, Ms. Colbert contends that the exclusivity provisions of the WCA deprived the trial court of jurisdiction over the action, rendering its decision to enforce the settlement erroneous. *See* Ms. Colbert's brief at 9 (citing *LeFlar v. Gulf Creek Indus. Park No. 2*, 515 A.2d 875, 879 (Pa. 1986) (providing that the WCA "deprives the common pleas courts of jurisdiction of common law actions in tort for negligence against employers and is not an affirmative defense which may be waived if not timely plead")).

As we have already noted above, it is not at all clear that the WCA applied to Ms. Allen's claim in this action since Ms. Colbert failed to carry workers' compensation insurance. Additionally, the court undoubtedly had "subject matter jurisdiction to determine **if** the [WCA] bars this action." *Bell v. Kater*, 943 A.2d 293, 295 (Pa.Super. 2008) (emphasis in original). Rather than litigate the issue, Ms. Colbert opted to settle Ms. Allen's claim, and it is only the agreement to settle that the trial court ultimately adjudicated. The trial court did not lack jurisdiction to enter its order enforcing that settlement,

despite Ms. Colbert's belated decision to raise defenses under the WCA two years after the complaint was filed, and one year after she agreed to settle the case. *Accord id.* (holding that the defendant's "argument that she can raise the defense of immunity in a petition to strike three years after verdict because it is a non-waivable jurisdictional defense must fail").

Finally, Ms. Colbert argues an issue raised for the first time in her motion for reconsideration: that Ms. Allen was required to notify the UEGF when she filed the instant action because the UEGF has a lien. *See* Ms. Colbert's brief at 7. Ms. Colbert offers no authority to suggest that she has standing to raise such an issue, nor has she provided any explanation as to why or how Ms. Allen's obligation to satisfy a lien to a non-party has any impact on Ms. Colbert's duty to perform under the settlement agreement. "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Bombar v. W. Am. Ins. Co.*, 932 A.2d 78, 93 (Pa.Super. 2007). We discern no basis to grant relief on this issue.

The record in this case reveals that Ms. Colbert agreed to settle Ms. Allen's claim more than a year ago, promised again and again to fulfill her promise to pay the settlement, yet forced Ms. Allen to appear with her attorney for multiple enforcement proceedings, and then defend against this cursorily-argued and substantively-meritless appeal in an effort to further delay payment. Accordingly, we award Ms. Allen costs of this appeal, namely

her attorney fees, and remand for the trial court to determine the amount pursuant to Pa.R.A.P. 2744.

Order affirmed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/20