546 A.2d 1120

**Inez HEATH, Appellant,**

v.

**CHURCH'S FRIED CHICKEN, INC., Carling Switch, Inc., Klein Hardware Corporation and Doerr Electric Corporation, Appellees.**

Supreme Court of Pennsylvania.

Argued April 11, 1988.

Decided Aug. 25, 1988.

Joseph C. Murray, Allen L. Rothenberg, Philadelphia, for Inez Heath.

Austin Hogan, Philadelphia, for Doerr.

Wayne Partenheimer, Joseph DeMaria, Philadelphia, for Carling.

G. Wayne Renneisen, Robert J. Dougher, Philadelphia, for Church's.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION

McDERMOTT, Justice.

Appellant, Inez Heath, appeals to us from the order of the Superior Court affirming the entry of summary judgment by the Court of Common Pleas of Philadelphia. 359 Pa.Super. 632, 515 A.2d 621 (1986). Upon petition we granted allocatur.

The facts of this case are not in dispute. Appellant at all times relevant to this proceeding was an employee of appellee, Church's Fried Chicken, Inc. While in the course of her employment appellant was severely injured while operating

a "chicken saw". This saw was manufactured by appellee. As a result of this injury appellant received workmen's compensation benefits. In addition to these benefits appellant sought additional recovery by filing an original action in trespass and assumpsit. Her theories of recovery were based upon the allegedly defective nature of the manufactured chicken saw, and she attempted to state causes of action in negligence, strict liability, and breach of warranty. In new matter appellee pled, *inter alia,* a defense of employer immunity based upon the exclusivity provision of the Workmen's Compensation Act (Act)[1] which provides:

> The liability of an employer under this Act *shall be exclusive and in place of any and all other liability to such employees,* his legal representative, husband or wife, parents, dependents, next-of-kin, or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) [411(1) and (2), 77 P.S.] or occupational disease as defined in section 108.

77 P.S. § 481(a) (emphasis added).[2] This defense formed the basis of appellee's summary judgment motion, which was granted. The Superior Court subsequently affirmed the grant of summary judgment for the same reason. We are now called upon to examine that decision.

This case presents the question which was left undecided in *Poyser v. Newman and Co., Inc.,* 514 Pa. 32, 522 A.2d 548 (1987), to wit: whether a products liability claim can be asserted against an employer who is also the manufacturer of the equipment which caused the employee's injury. Unfortunately for appellant the rationale behind our decision in *Poyser,* as well as the reasoning contained in the more recent case of *Lewis v. School District of Philadelphia,* 517 Pa. 461, 538 A.2d 862 (1988), require us to respond in the negative.

In order for appellant to succeed on this appeal this Court must find that appellee here can be sued under the "dual

1. Act of June 2, 1915 P.L. 736, *as amended,*
2. Act of December 5, 1974, P.L. 782, No. 263, § 6.

capacity" concept, which a majority of this Court endorsed in *Tatrai v. Presbyterian University Hospital,* 497 Pa. 247, 255, 439 A.2d 1162, 1166 (1982) (Concurring Opinion, Roberts, J.) However, in addressing the question of when the "dual capacity" exception applies this Court has held:

> [i]t is this clear that the focus of the "dual capacity" exception is on the circumstances in which the worker's injury occurs. *But no such exception can exist where, as in the matters now before us, the employee's compensable injury occurred while he was actually engaged in the performance of his job.*

*Lewis, supra,* 517 Pa. at 475, 538 A.2d at 869 (emphasis added). Accord *Budzichowski v. Bell Telephone Co. of Pennsylvania,* 503 Pa. 160, 469 A.2d 111 (1984).

In this case it is a fact that appellant was injured while "actually engaged in the performance of her job." Thus, under *Lewis,* the "dual capacity" exception can not apply.

The order of the Superior Court is affirmed.[3]

PAPADAKOS, J., joins this opinion and files a separate concurring opinion.

LARSEN, J., files a dissenting opinion in which STOUT, J., joins.

PAPADAKOS, Justice, concurring.

I reluctantly join in the opinion of the majority because the issue is controlled by the statutory restriction imposed by the legislature. I write separately only to call upon the legislature to review and correct the apparent injustices wrought to the injured parties in *Lewis v. School District*

---

**3.** We have dutifully followed the plain mandate of the General Assembly that all injuries while at work are only compensable by Workmen's Compensation. We do so, however, as we did in *Poyser v. Newman & Co.,* 514 Pa. 32, 522 A.2d 548 (1987), with concern that machinery manufactured by an employer, for his specific purpose, should conform to safety standards imposed by legislation, the violation of which should be actionable beyond the limits of Workmen's Compensation, if only to limit the opportunity for injury and insure safety from "Rube Goldberg" devices that put production above life and limb.

*of Philadelphia,* 517 Pa. 461, 538 A.2d 862 (1988); *Poyser v. Newman and Co., Inc.,* 514 Pa. 32, 522 A.2d 548 (1987); *Budzichowski v. Bell Telephone Co. of Pa.,* 503 Pa. 160, 469 A.2d 111 (1983), and in this case.

LARSEN, Justice, dissenting.

I dissent.

The majority continues to take a strait jacket approach to the Workmen's Compensation Act, 77 P.S. §§ 101–1603, (Act) and this approach guarantees that workers will be increasingly disadvantaged by a system that was originally enacted for their benefit.

As I noted in my dissent in *Lewis v. School District of Philadelphia,* 517 Pa. 461, 477, 538 A.2d 862, 870 (1988) (Larsen, J., dissenting):

The majority has lost sight of the fact that employees may have other ties with their employers such as land-lord/tenant, trustee/beneficiary, seller/buyer, etc. The laws that govern the particular relationship will determine the rights and liabilities of the parties.

In the instant action, appellant, Inez Heath, seeks to hold her employer liable as the manufacturer of a defective product. Had appellant been injured while using the saw in the course of her employment for a *different* employer, the Act would not have precluded an action against appellee, Church's Fried Chicken, Inc., as manufacturer of a danger-ous instrumentality. It is not fair to deny an injured employee the right to sue his or her employer as a third party manufacturer when others who are not employed by the manufacturer of a defective product clearly would have a cause of action against that manufacturer.

Mr. Justice McDermott states that this Court was con-cerned in *Poyser v. Newman & Co.,* 514 Pa. 32, 522 A.2d 548 (1987), that machinery manufactured by an employer "should conform to safety standards imposed by legisla-tion." Maj. op. at 277 n. 3. I fail to find any reference in the *Poyser* majority opinion to such concern. As long as the majority limits the liability of the manufacturer of a defective product to a workmen's compensation award in

these cases, then the deterrent aspect of strict liability law will be seriously undermined and " 'Rube Goldberg' devices that put production above life and limb," *id.*, will continue to maim and kill innocent employees.

A majority of this Court determined in *Tatrai v. Presbyterian University Hospital*, 497 Pa. 247, 439 A.2d 1162 (1982) (Roberts, J., concurring, joined by O'Brien, CJ.; Larsen, J., and Flaherty, JJ.), that where a service is provided to the public, the provider of the service owes a duty to *all* those utilizing that service, including employees. Appellant alleged in her complaint the appellee, Church's Fried Chicken, Inc., "was engaged in the business of, *inter alia*, designing, processing, producing, fabricating, manufacturing, assembling, advertising and distributing a machinery product known as 'chicken saw tables' in the regular course of its business." Appellant's Complaint, paragraph 4. Appellee denied distributing these saws to the public for public use or advertising such saws. This raises a question of fact, thus the trial court improperly granted the motion for summary judgment filed by appellee, Church's Fried Chicken, Inc.

Accordingly, I would reverse the order of Superior Court affirming the trial court's grant of appellee's motion for summary judgment and would remand for further proceedings.

STOUT, J., joins in this dissenting opinion.