584 A.2d 1008

Janice HEIMBACH, Appellee,

v.

Laverne HEIMBACH and J P Mascaro & Sons, Inc.

v.

MICRO COAX COMPONENTS, INC., A DIVISION
OF UTI COMPANY

Appeal of J P MASCARO & SONS, INC.

Superior Court of Pennsylvania.

Argued Nov. 27, 1990.

Filed Jan. 7, 1991.

William F. Thomson, Jr., Morrisville, for appellant.

Maria S. Rosmini, Philadelphia, for Micro Coax Components, appellee.

Before OLSZEWSKI, TAMILIA and HESTER, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order granting the motion of Micro Coax Components, Inc. (MCC), third-party defendant below, for summary judgment against J.P. Mascaro & Sons, Inc. (Mascaro), defendant/third-party plaintiff below. As our review of the trial court's actions reveals no error, we affirm.

The undisputed facts of this case are as follows. On January 18, 1985, Janice Heimbach, the plaintiff below, was being driven to work by her husband, Laverne Heimbach, also a defendant below. The Heimbach vehicle was involved in a collision with a trash truck owned by Mascaro. The collision occurred in the parking lot of MCC, Mrs. Heimbach's employer. Although Mrs. Heimbach was on her way to work, she had not yet begun to perform any task in furtherance of her employment.

Mrs. Heimbach commenced a civil action against Mascaro and Mr. Heimbach. Mascaro filed a third-party complaint against MCC, alleging that Mrs. Heimbach's injuries were the result of MCC's failure to properly maintain the parking lot. The third-party complaint requested indemnification and/or contribution by MCC.

MCC's amended answer raised as new matter the defense of immunity from suit under the provisions of the Pennsylvania Workmen's Compensation Act (Act), 77 P.S. § 481(b). Mascaro argued below that the "dual capacity" doctrine allowed a claim against MCC for indemnification and/or contribution because the duty owed to Mrs. Heimbach in this factual situation did not arise from the employment relationship. The trial court refused to accept this argument, neither do we.

An examination of the Act reveals two factual scenarios where an injured employee will recover compensation from his employer. An employee is entitled to compensation if injured while actually engaged in the furtherance of the employer's business or affairs, regardless or whether the injury occurs on the employer's premises. *WCAB (Slaugenhaupt) v. United States Steel Corp.*, 31 Pa.Cmwlth. 329, 331–33, 376 A.2d 271, 273 (1977) [*citing* 77 P.S. § 411(1)]. An employee injured while not actually engaged in the furtherance of the employer's business or affairs is entitled to compensation if (1) the injury occurs on the premises occupied or under the control of the employer, (2) the employee is required by the nature of his employment to be on the employer's premises, and (3) the injury was caused by the condition of the premises or by operation of the employer's business and affairs thereon. *Id.*

The Act provides immunity to an employer to any action by a third-party tortfeasor for indemnity or contribution if the employee is entitled to compensation from the employer for the injury. 77 P.S. § 481(b).[1] The undisputed facts of this case clearly show that Mrs. Heimbach was entitled to compensation from MCC for the injuries suffered on January 18, 1985. Mrs. Heimbach was required by the nature of her employment to be on MCC's premises; the accident occurred on those premises; Mascaro alleged a right to indemnification or contribution because of the failure of MCC to properly maintain those premises, clearly attributing the accident to a condition of the employer's premises.

Mascaro claims that the "dual capacity" doctrine takes the instant case outside the immunity provided by the statute. We disagree. The "dual capacity" (sometimes called the "dual persona") doctrine provides that where an employer "possesses a second persona so completely independent from and unrelated to his status as employer," the

---

1. The immunity section of the Act allows for a waiver of the defense by a prior written contract. 77 P.S. § 481(b). In the absence of a written contract, no employer may be joined as an additional defendant. *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 367–70, 372 A.2d 869, 870–71 (1977). No such contract exists in the present case.

employer may be vulnerable to suit by an employee. Larson, *Workmen's Compensation Law,* § 72.80, p. 14–229 (1976). The focus is on identity, not activity or relationship. *Id.,* 72.81(a) p. 14–231.

The history of the doctrine in Pennsylvania was recently analyzed by this Court in *Callender v. Goodyear Tire & Rubber Co.,* 387 Pa.Super. 283, 564 A.2d 180 (1989) *alloc. denied,* 525 Pa. 593, 575 A.2d 560 (1990). The *Callender* Court noted that the initial decisions dealing with "dual capacity" examined whether there was a separate duty owed the public by the employer and whether the injured employee was distinguishable from members of the general public. *Id.* 387 Pa.Super. at 293–95, 564 A.2d at 186 [discussing *Tatrai v. Presbyterian University Hospital,* 497 Pa. 247, 439 A.2d 1162 (1982), and *Budzichowski v. Bell Telephone Co. of PA,* 503 Pa. 160, 469 A.2d 111 (1984)]. The emphasis has shifted; the inquiry now focuses "exclusively on whether the *employee* was acting in the course of his employment." *Id.* (emphasis in original) [discussing *Lewis v. School District of Philadelphia,* 517 Pa. 461, 538 A.2d 862 (1988), and *Heath v. Church's Fried Chicken, Inc.,* 519 Pa. 274, 546 A.2d 1120 (1988)]. It is now established that the "dual capacity" doctrine is inapplicable where an employee's compensable injury occurs while the employee is performing his or her job. *Lewis, supra* 517 Pa. at 475–77, 538 A.2d at 869.

The current state of the law can be summarized thus: If (1) an employee suffers an injury while performing his or her job duties, or (2) an employee, required by his or her job to be on the employer's premises, suffers an injury on those premises due to a condition of the premises or the operation of the employer's business, the injury is compensable under 77 P.S. § 411(1). If an injury is compensable, such compensation is the exclusive liability of the employer due to the immunity provided by 77 P.S. § 481. The "dual capacity" doctrine is an exception to the employer immunity provided by § 481; however, the doctrine is inapplicable when the compensable injury is suffered while the employee is per-

forming job duties. Logically, if the doctrine has any continued vitality, it can only apply to category (2) situations, as these are the only remaining type of compensable injuries which gives rise to immunity. We hold that it does not.

Both *Heath* and *Lewis* presented situations where it was clear that the injured employee was acting in the course of his employment. *Heath, supra* 519 Pa. at 275, 546 A.2d at 1120; *Lewis, supra* 517 Pa. at 463–67, 538 A.2d at 863–64. Our Supreme Court has not yet addressed the factual scenario present here, where the injury is compensable because it occurred on the employer's premises due to the condition of those premises rather than while the employee is performing job duties. Nonetheless, the *Lewis* case does provide guidance. There our Supreme Court held that the clear mandate of § 481(a) left no room for any liability beyond that prescribed by the Act. *Lewis*, at 471–73, 538 A.2d at 867. Compensation under the Act is the employer's exclusive liability in place of any and all other liability on the employer's part. *Id.* This immunity is the *"quid pro quo* employers received for being subjected to a no-fault system of compensation for worker injuries." *Id.* (citation omitted). The bar to any other action arises automatically if the injury is compensable under the Act. *Id.*

This construction of § 481(a) leaves no room for the "dual capacity" doctrine. Section 481(b) mandates that, absent a written contract to the contrary, the employer is immune from joinder for indemnification or contribution to a suit against a third-party tortfeasor if the underlying claim by the employee is a compensable injury.[2] Just as § 481(a) prevents an employee from pursuing a claim against the employer for a compensable injury, so too does § 481(b) prevent a third-party tortfeasor from asserting a claim

2. Each section of a statute must be construed in light of the meaning given other sections of the same statute. *Turner v. May Corp.,* 285 Pa.Super. 241, 249–51, 427 A.2d 203, 207 (1981). Clearly, 77 P.S. § 481(b) must be construed consistently with 77 P.S. § 481(a).

against the employer on the facts here presented.[3]

We are aware that our holding today totally abrogates the doctrine of "dual capacity." Nonetheless, our Supreme Court's construction of 77 P.S. § 483 as requiring compensation to be the exclusive liability of the employer for a compensable injury can logically lead to no other conclusion.

Order granting MCC's motion for summary judgment affirmed.

TAMILIA, J., concurs in the result.

---

**3.** We add our voice to those who have called for the Legislature to correct the apparent injustices wrought under the Act. *Heath, supra* 519 Pa. at 276–78, 546 A.2d at 1121, Papadakos, J., concurring; *Callender, supra* 387 Pa.Super. at 297–99, 564 A.2d at 188, Del Sole, J., concurring. Just as it is a concern that a manufacturer can place a defective product into the stream of commerce yet escape liability for injuries suffered by employees because of the employer/employee relationship, so too it is a concern that employers can evade their share of joint liability when their actions coincide with those of a third party to injure their employees. Admittedly, there is no consequence to the injured party as long as they can recover from the third-party tortfeasor. Still, it is unjust to impose the entire burden on the joint tortfeasor where the employer could potentially bear their share. Nonetheless, we agree that this is a matter more properly addressed by the legislative branch than by the judiciary.