656 A.2d 534

Cathy L. SNYDER and Kenneth Snyder, Appellees,

v.

POCONO MEDICAL CENTER and Rose Galozzo, R.N., Appellants.

Superior Court of Pennsylvania.

Argued Oct. 27, 1994.

Decided Jan. 23, 1995.

Reargument Denied April 3, 1995.

608

James M. Penny, Jr., Philadelphia, for appellants.

John R. Vivian, Jr., Easton, for appellees.

Before ROWLEY, P.J., and WIEAND and SAYLOR, JJ.

WIEAND, Judge:

In this appeal the controlling issue is whether the exclusivity clause of the Worker's Compensation Act is applicable to bar a tort action against a hospital and its nurse by an employee who was exposed to tuberculosis during the course of her employment and who later discovered that the hospital's employee health monitoring program, available only to employees of the hospital, had failed to detect timely and treat properly her disease. After careful review of the facts and the applicable law, we hold that the employee's sole remedy

was for benefits under the Worker's Compensation Act and that an action in tort against the employer-hospital and a co-employee nurse was barred.[1]

In 1977, while employed as a respiratory therapy technician at the Pocono Medical Center, Cathy L. Snyder learned from Rose Galozzo, R.N., the hospital's infection control nurse, that she may have been exposed to a patient who had tested positive for tuberculosis. Upon recommendation of Nurse Galozzo and pursuant to the hospital's employee health program, Snyder submitted to a tine test. When the test results were positive, Galozzo recommended that Snyder undergo periodic chest x-rays. These x-rays, however, were consistently negative. Therefore, no other measures or treatments were recommended or offered. In April, 1986, while at work, Snyder became ill and was taken to the hospital's emergency room where she was diagnosed, for the first time, as having adrenal failure. Subsequent tests, including an adrenal biopsy, confirmed that her adrenal glands had been destroyed.

Snyder subsequently filed a civil action against Pocono Medical Center and Rose Galozzo, contending that she had received negligent treatment while participating in the hospital's employee health program. At trial, Snyder's doctor traced her condition to her earlier exposure to tuberculosis and opined that prompt detection and proper treatment with INH ionization would have prevented the spread of the disease throughout Snyder's body. Because of her condition, the evidence was that Snyder would be required to take adrenal replacement medication for the rest of her life. A jury returned a verdict in favor of Snyder. Post-trial motions were denied, and this appeal followed.

When we review an order denying a motion for judgment n.o.v., all of the evidence and reasonable inferences therefrom must be viewed in the light most favorable to the verdict winner. *Schneider v. Lindenmuth–Cline Agency, Inc.,*

1. In view of this holding, we do not decide whether the action was also barred by the statute of limitations or whether the trial court erred by allowing damages for lost earning capacity where the plaintiff-employee continued to work in her capacity as a respiratory therapist.

423 Pa.Super. 73, 77, 620 A.2d 505, 507 (1993). Judgment n.o.v. may be granted only where no two reasonable persons could disagree that the verdict was improper. *Robertson v. Atlantic Richfield Petro. Products Co.*, 371 Pa.Super. 49, 58, 537 A.2d 814, 819 (1987), *allocatur denied*, 520 Pa. 590, 551 A.2d 216 (1988). "If, however, the law permits no recovery upon the facts which have been alleged and which the jury may justifiably have found, a judgment n.o.v. is properly granted." *Henze v. Texaco, Inc.*, 352 Pa.Super. 538, 541, 508 A.2d 1200, 1202 (1986).

 In general, the Worker's Compensation Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 1, et seq. (the "Act"), provides the sole and exclusive remedy for an employee who seeks to recover for an injury sustained during the course of his or her employment. *Wagner v. National Indemnity Co.*, 492 Pa. 154, 159, 422 A.2d 1061, 1064 (1980). The exclusivity provision, set forth in Section 303 of the Act, is as follows:

(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) [77 P.S. § 411(1) and (2) ] or occupational disease as defined in section 108 [77 P.S. § 27.1].

Act of June 2, 1915, P.L. 736, § 303(a), as amended, 77 P.S. § 481(a) (footnotes omitted). This provision limits an employer's tort exposure and grants an employee a statutory remedy for all work related injuries. "In exchange for the right to compensation without the burden of establishing fault, employees gave up their right to sue the employer in tort for injuries received in the course of employment." *Kosowan v. MDC Industries, Inc.*, 319 Pa.Super. 91, 98-99, 465 A.2d 1069, 1072 (1983). An employer must assume liability under the Act regardless of fault in exchange for insulation from a potentially larger verdict in a common law action. *Lewis v. School Dist. of Philadelphia*, 517 Pa. 461, 471, 538 A.2d 862, 867 (1988).

■ Where an employee's injury is compensable under the Act, the compensation provided by the statute is the employee's exclusive remedy. See: *Id.* See also: *Santiago v. Pennsylvania Nat'l Mut. Casualty Ins. Co.*, 418 Pa.Super. 178, 186, 613 A.2d 1235, 1242 (1992); *Kosowan v. MDC Industries, Inc.*, *supra* 319 Pa.Super. at 97, 465 A.2d at 1072. Except in certain cases involving intentional torts, the Act also provides the exclusive remedy for compensable injuries caused by a fellow employee. Act of June 2, 1915, P.L. 736, § 205, as amended, 77 P.S. § 72. A compensable injury includes "any injury to an employee regardless of his [or her] previous physical condition in the course of [ ] employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury; . . . ." Act of June 2, 1915, P.L. 736, § 301(c)(1), as amended, 77 P.S. § 411(1). The Act also supplies the exclusive remedy where an employee is injured while on the employer's premises for the purpose of furthering the employer's business interests. Act of June 2, 1915, P.L. 736, § 301(c)(1), as amended, 77 P.S. § 411(1). See also: *Thomas Jefferson University Hosp. v. WCAB*, 144 Pa.Commw. 302, 601 A.2d 476 (1991). Tuberculosis is defined as an occupational disease for which the liability of an employer is determined by the terms of the Occupational Disease Act so long as the disease is contracted in the course of employment. Act of June 21, 1939, P.L. 566, § 108(m), as amended, 77 P.S. § 1208(m).

■ Snyder contends that her action in tort is not an attempt to obtain a remedy for the contracting of tuberculosis. She argues, rather, that the redress which she seeks is for the additional injuries suffered because of the negligence of the hospital and Nurse Galozza in failing to diagnose and treat her condition promptly. However, the Worker's Compensation Act clearly establishes that it is the exclusive remedy for all work related injury and disease suffered in the course of employment and related thereto, including those injuries caused by the negligence of the employer or a fellow employee.

■ Appellee's reliance on the "dual capacity" doctrine is misplaced. Under this doctrine an employee may sue his or her employer in tort if the employer occupies a second capacity, independent and unrelated to its status as employer, which confers independent obligations upon the employer. *Heimbach v. Heimbach*, 401 Pa.Super. 119, 121–122, 584 A.2d 1008, 1009–1010 (1991), *allocatur denied*, 528 Pa. 611, 596 A.2d 157 (1991). The doctrine was first announced by the Supreme Court in *Tatrai v. Presbyterian University Hosp.*, 497 Pa. 247, 439 A.2d 1162 (1982). However, in *Lewis v. School Dist. of Philadelphia, supra*, 517 Pa. 461, 538 A.2d 862, and *Heath v. Church's Fried Chicken, Inc.*, 519 Pa. 274, 546 A.2d 1120 (1988), the Court retreated from its analysis in *Tatrai*, which had considered whether the employer was acting in a manner independent of its status as employer so as to impose upon the employer a separate duty, and adopted a narrower approach, which focused on whether the employee was acting outside the course of his or her employment at the time of the injury. See: *Callender v. Goodyear Tire and Rubber Co.*, 387 Pa.Super. 283, 295, 564 A.2d 180, 186 (1989), *allocatur denied*, 525 Pa. 593, 575 A.2d 560 (1990). Under this analysis an employee who has been injured while performing a job-related task or while present on his or her employer's premises pursuant to his or her employment is required to accept the remedies provided by the Worker's Compensation Act. *Heimbach v. Heimbach, supra* 401 Pa.Super. at 122, 584 A.2d at 1010.

This caused a panel of the Superior Court, in *Heimbach v. Heimbach, supra*, to postulate that the "dual capacity" doctrine had been totally abrogated. *Id.* at 122, 584 A.2d at 1010. Even if this exceeds the present thinking of the high court, however, it seems readily apparent that the present case is not ruled by *Tatrai.*

■ In *Tatrai*, the plaintiff-employee, who worked as an operating room technician for the defendant-hospital, became ill during working hours. Because the Employee Health Service was closed, she reported to the hospital's emergency room, a facility open to the public, for treatment. There, she was placed on an x-ray table. While the table was being

rotated to an upright position, the foot broke, and the employee fell and was injured. The Court determined that when the plaintiff went to the emergency room, a facility open to the public, she did not go as an employee but as a member of the public. To such a person, the Court held, the Worker's Compensation Act was inapplicable. *Tatrai v. Presbyterian University Hosp., supra,* 497 Pa. 247, 439 A.2d 1162 (Concurring Opinion by Roberts, J., joined by O'Brien, C.J., Larsen and Flaherty, JJ.)

Later, the Supreme Court explained and limited its holding in *Tatrai* when it decided *Budzichowski v. Bell Telephone Co. of Pa.,* 503 Pa. 160, 469 A.2d 111 (1983). In that case, the plaintiff, a telephone installer, was initially injured when he fell on the job. When he reported to the employer's medical dispensary, a facility not open to the general public, the staff doctors, who were employed by the same company as the plaintiff, treated him for muscle strain, prescribed muscle relaxers and ordered him back to work. Later, the plaintiff was diagnosed by an independent surgeon as having "aseptic nectosis" (deterioration of the bone) in his right femur. Therefore, the employee sued his employer and the dispensary doctors for having provided negligent medical care. The Supreme Court affirmed an order of summary judgment in favor of the employer and the fellow employee-doctors. *Tatrai,* the Court said, did not control the outcome because

> [i]n *Tatrai,* the controlling factor was that the employee went to and was injured in the emergency room which served the general public. Thus, there was "no basis for distinguishing [Ms. Tatrai] from any other member of the public injured during the course of treatment." 497 Pa. at 255–256, 439 A.2d at 1166 (concurring opinion by Roberts, J. in which O'Brien, C.J. and Larsen and Flaherty, JJ. joined). *The treatment received by appellant at the Bell dispensary was not available to the general public and would not have been available to appellant but for his employment relationship with Bell.*

*Budzichowski v. Bell Telephone Co. of Pa., supra* 503 Pa. at 167–168, 469 A.2d at 114–115 (emphasis added). Because of this factual distinction, the Court held that the plaintiff's

injury had been related to his employment and that his exclusive remedy was that prescribed by the Worker's Compensation Act.

The facts of the instant case are akin to those in *Budzichowski.* In 1977, Nurse Galozzo held the position of infection control nurse in Pocono Medical Center's Infectious Disease Control Department. That department had established an employee health program to monitor employees who had been exposed to certain contagious diseases, including tuberculosis. When Galozzo approached Snyder to inform her that she may have been exposed to tuberculosis, Galozzo was acting in her official capacity and pursuant to the guidelines established by the hospital's employee health program. Subsequent monitoring of Snyder, in the form of a tine test and chest x-rays, were also offered as part of the employee health program. The same protocol was offered to all employees who were thought to have been exposed to tuberculosis. The program, however, was not a service available for or offered to the public. Because Pocono Medical Center acted as an employer and not as part of a separate and distinct relationship, the Court's holding in *Budzichowski* is controlling. As a matter of law, Snyder's exclusive remedy for her work related injuries was that provided by the Worker's Compensation Act.

The holding in *Tatrai,* the Supreme Court has made clear, must be limited to the peculiar facts of that case. Where, as here, the employee contracts tuberculosis while employed by the hospital and is monitored and treated by the hospital in a program available only to employees, the employee's remedies, even if he or she was treated negligently, are limited to those provided by the Worker's Compensation Act. Because of the nature of its business, the hospital-employer had a vested interest in monitoring employees who were exposed to contagious diseases so that further contamination of its patients and staff could be prevented. In establishing an employee health monitoring program the hospital was not attempting to confer an independent benefit upon Snyder, but was furthering its own interest in curtailing the spread of diseases. Snyder participated in Pocono Medical Center's employee health mon-

itoring program pursuant to her employment, and her injury was in the course thereof. Her remedies, therefore, were limited to those provided by the Worker's Compensation Act.

Judgment reversed and now entered in favor of appellants.