Roque SOTO, Appellant

v.

NABISCO, INC.; Nabisco Brands, Inc.; Nabisco Holdings Corp.; RJR Nabisco, Inc.; R.J. Reynolds Tobacco Holdings; RJR Nabisco Holdings Corp.; Nabisco Group Holdings Corp.; Reynolds American, Inc.; Nabisco Foundation; Altria Group, Inc.; Altria Corporate Services, Inc.; Reading Bakery Systems, Inc.; Reading Pretzel Machinery Corp.; Thomas L. Green & Company, Inc.; Thomas L. Green, LLC; Transmission Engineering Company, Inc.; and R.A. Jones & Company, Inc., Appellees.

Superior Court of Pennsylvania.

Argued Oct. 5, 2011.

Filed Nov. 21, 2011.

Henry Yampolsky, Philadelphia, for appellant.

Ernest J. Bernabei, III, Philadelphia, for Nabisco, et al., appellee.

BEFORE: STEVENS, P.J., FORD ELLIOTT, P.J.E., and GANTMAN, J.

OPINION BY GANTMAN, J.:

Appellant, Roque Soto, appeals from the final order encompassing a stipulation of dismissal, entered in the Philadelphia County Court of Common Pleas, which discontinued the case against the remaining defendants in this personal injury action. Specifically, Appellant challenges the court's earlier order dated May 4, 2010, which sustained the preliminary objections of Appellant's employer, Appellee, Kraft Foods Global, Inc. ("Kraft"), and dismissed the action against Kraft with prejudice. We hold Appellant's only recourse against Kraft for his injuries sustained in the workplace is under the Pennsylvania Workers' Compensation Act ("WCA").[1] Accordingly, we affirm.[2]

---

1. 77 P.S. § 1, *et seq.*

2. As a prefatory matter, we observe that statutory immunity from suit is an affirmative defense that should be raised in new matter in a responsive pleading and should not be raised by preliminary objections to a complaint, even though it suggests a jurisdictional component. *Heifetz v. Philadelphia State Hospital,* 482 Pa. 386, 393 A.2d 1160 (1978); *Taras v. Wausau Ins. Companies,* 412 Pa.Super. 37, 602 A.2d 882 (1992), *appeal denied,* 532 Pa.

The relevant facts and procedural history of this case are as follows. Appellant began employment with Nabisco at its Philadelphia Bakery sometime in 1999–2000. Through a series of negotiations, in July 2001, Nabisco merged into Kraft and ceased to exist as a separate company. Due to the merger, Appellant became an employee of Kraft. On November 1, 2007, Appellant injured his arm and hands while operating a Ritz Cracker Cutting Machine. There is no dispute that the accident occurred within the course and scope of Appellant's employment and caused amputation of his left arm and a de-gloving wound and avulsion injuries to his right hand.

In response to the complaint Appellant filed on October 29, 2009, Kraft filed preliminary objections in the nature of a demurrer, relying on the exclusive remedy of the WCA as a bar to Appellant's suit against Kraft. During discovery on the preliminary objections, documents revealed Nabisco had ceased to exist, after merging with and into Kraft.

By order dated May 4, 2010, and entered May 5, 2010, the trial court sustained Kraft's preliminary objections and dismissed Appellant's complaint against Kraft, based upon employer statutory immunity under the WCA. The court denied reconsideration as well as Appellant's request for certification for interlocutory appeal. The Superior Court later denied Appellant's petition for interlocutory review. By order entered April 18, 2011, the court dismissed the remaining defendants in the action per court-approved stipulation and without prejudice. Appellant timely filed a notice of appeal on May 10, 2011. The court did not order a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), and Appellant filed none.

Appellant raises two issues for review:

WHETHER THE TRIAL COURT ERRED IN SUSTAINING THE DEMURRER OF [KRAFT] IF THERE WAS NO SHOWING WITH CERTAINTY THAT NO RECOVERY IS POSSIBLE BY [APPELLANT]?

WHETHER THE TRIAL COURT ERRED IN RULING THAT THE DUAL PERSONA DOCTRINE WAS INAPPLICABLE TOWARDS A SUCCESSOR IN INTEREST TO A MANUFACTURER OF A DEFECTIVE PRODUCT WHO ALSO HAPPENS TO BE [APPELLANT'S] EMPLOYER BECAUSE [APPELLANT] SUSTAINED INJURIES WHILE IN THE COURSE AND SCOPE OF HIS EMPLOYMENT?

(Appellant's Brief at 4).

▄▄▄ Appellate review in this case implicates the following general principles:

Our review of a trial court's sustaining of preliminary objections in the nature of a *demurrer* is plenary. Such preliminary objections should be sustained only if, assuming the averments of the complaint to be true, the plaintiff has failed

657, 615 A.2d 1313 (1992) (stating statutory immunity under WCA is affirmative defense that is properly raised in new matter rather than by preliminary objections to complaint). If, however, a party raises the defense of immunity from suit *via* preliminary objections and the opposing party does not object, then the court can decide the issue of immunity from suit. *Fewell v. Besner*, 444 Pa.Super. 559, 664 A.2d 577 (1995). *See also Preiser v. Rosenzweig*, 418 Pa.Super. 341, 614 A.2d 303,

305 (1992), *aff'd*, 538 Pa. 139, 646 A.2d 1166 (1994) (stating failure of opposing party to file preliminary objections to defective preliminary objections, erroneously raising substantive defenses, waives any procedural defect and allows trial court to rule on preliminary objections). Here, Appellant failed to object to the manner of pleading, thus waiving any procedural defect and allowing the court to rule on Kraft's preliminary objections.

to assert a legally cognizable cause of action. We will reverse a trial court's decision to sustain preliminary objections only if the trial court has committed an error of law or an abuse of discretion.

All material facts set forth in the complaint as well as all inferences reasonably [deducible] therefrom are admitted as true for [the purpose of this review]. The question presented by the *demurrer* is whether, on the **facts** averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a *demurrer* should be sustained, this doubt should be resolved in favor of overruling it.

Regarding a *demurrer*, this Court has held:

A *demurrer* is an assertion that a complaint does not set forth a cause of action or a claim on which relief can be granted. A *demurrer* by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible therefrom, but not conclusions of law or unjustified inferences. In ruling on a *demurrer*, the court may consider only such matters as arise out of the complaint itself; it cannot supply a fact missing in the complaint.

Where the complaint fails to set forth a valid cause of action, a preliminary objection in the nature of a *demurrer* is properly sustained.

*Butler v. Charles Powers Estate*, 29 A.3d 35, 38–39 (Pa.Super.2011) (emphasis in original).

■ Appellant argues the "dual persona" doctrine applies to this case to warrant reversal. Specifically, Appellant claims that under the "dual persona" doctrine Pennsylvania's WCA allows third-party tort recovery, although the employer is the ultimate payor, if the employer has a distinct and separate role that could subject it to liability for injuries to an employee. Appellant submits the federal courts in Pennsylvania have held that, under the "dual persona" doctrine, an employee can recover against his employer, who is also the successor in interest to the manufacturer of a defective product. Appellant defines Kraft's "dual persona" nature as (1) his employer and (2) the successor in interest to Nabisco, the manufacturer of the defective machine that caused Appellant's injuries at work. Appellant maintains Kraft's position as successor in interest to Nabisco exposes Kraft to third-party liability in this context.

Appellant insists many other states have adopted the "dual persona" doctrine, which would make Kraft responsible for all the liabilities of Nabisco where Kraft is the surviving corporation; and Kraft expressly assumed all Nabisco's liabilities. Appellant complains the court improperly relied on case law that addressed only the dual capacity doctrine when it decided the WCA precluded recovery to Appellant. Appellant avers the court was wrong to say Appellant could not recover under either the "dual capacity" or the "dual persona" doctrine. Appellant concludes the court erred when it sustained Kraft's preliminary objections to his cause of action, without the requisite degree of certainty and must be reversed. We disagree.

■ "In general, the [WCA] provides the sole and exclusive remedy for an employee who seeks to recover for an injury sustained during the course of his … employment." *Snyder v. Pocono Medical Center*, 440 Pa.Super. 606, 656 A.2d 534, 536 (1995), *affirmed*, 547 Pa. 415, 690 A.2d 1152 (1997). *See also Peck v. Del. County Bd. of Prison Inspectors*, 572 Pa. 249, 254, 814 A.2d 185, 188 (2002) (stating same). The WCA sets forth the following exclusivity provision:

§ 481. Exclusiveness of remedy; actions by and against third party; contract indemnifying third party

(a) The liability of an employer under this act shall be exclusive and in the place of any and all other liability to such employees, his legal representative, husband or wife, parents, dependents, next of kin or any one otherwise entitled to damages in any action at law or otherwise on account of any injury or death....

77 P.S. § 481(a).

This provision limits an employer's tort exposure and grants an employee a statutory remedy for all work related injuries. In exchange for the right to compensation without the burden of establishing fault, employees gave up their right to sue the employer in tort for injuries received in the course of employment. An employer must assume liability under the Act regardless of fault in exchange for insulation from a potentially larger verdict in a common law action.

Where an employee's injury is compensable under the Act, the compensation provided by the statute is the employee's exclusive remedy.

*Snyder, supra* at 536–37 (internal citations and quotations marks omitted).

■ The "dual capacity" doctrine provides:

Under this doctrine, an employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as an employer.

*Callender v. Goodyear Tire and Rubber Co.,* 387 Pa.Super. 283, 564 A.2d 180, 185 (1989) (quoting 2A Larson, *Workmen's Compensation Law,* § 72.80, at 14–112 (1976)). Generally, "the Pennsylvania Superior Court has taken an unfavorable view of the dual capacity doctrine." *Van Doren v. Coe Press Equipment Corp.,* 592 F.Supp.2d 776, 799 (E.D.Pa.2008) (citing *Heimbach v. Heimbach,* 401 Pa.Super. 119, 584 A.2d 1008 (1991); *Callender, supra* ).

The Pennsylvania Supreme Court has applied the "dual capacity" doctrine in only one case. *Tatrai v. Presbyterian University Hospital,* 497 Pa. 247, 439 A.2d 1162 (1982). That case involved a hospital employee who became ill while at work. Because there was no doctor on duty at Employee Health Services, the employee's supervisor instructed the employee to go to the general emergency room of the hospital for medical care. While on the x-ray table in the hospital emergency room, the employee was injured after the foot stand broke loose; and she fell to the floor. The Supreme Court reasoned that the employee, at the time of her injury in the general hospital emergency room, was in the same position as any other member of the public receiving medical treatment because the emergency room was open to the general public. Therefore, the Court held that the hospital owed the employee the same duty it owed the general members of the public who came to the hospital emergency room for medical care. Thus, the hospital was not immune under the WCA from suit for the injuries the employee sustained in the general hospital emergency room, where the hospital held itself out to the public as a health care provider; the Court said:

There is no reason to distinguish [the employee] from any other member of the public injured during the course of treatment. The risk of injury which [the employee] suffered was a risk to which any member of the general public receiving like treatment would have been subjected. The occurrence of the

injury was not made more likely by the fact of her employment.

*Id.* at 255, 439 A.2d at 1166.

■ By comparison, under the "dual persona" doctrine, an employer could become a third person, vulnerable to a tort action by the employee, but only if the employer has a second identity, so completely independent and unrelated to its status as an employer, that the law would recognize the employer in its second capacity as a separate legal person. *Callender, supra* at 185 (citing 2A Larson, *Workmen's Compensation Law,* § 72.80, at 14–229 (1976)). "The question is not one of activity, or relationship—it is one of identity." *Id.* For the "dual persona" doctrine to apply, the duties of the employer under its other "persona" must be "totally separate from and unrelated to those of the employment." *Van Doren, supra* at 797 (quoting 2A Larson, *Workmen's Compensation Law,* § 72.80, at 14–229 (1976)).

■ The purpose of the "dual persona" doctrine is to prevent an employer from asserting statutory immunity "from obligations it inherited through corporate merger simply because of the immunity for its own negligence it possessed as the employer of the insured employee." *Gurry v. Cumberland Farms, Inc.,* 406 Mass. 615, 550 N.E.2d 127, 131 (1990). In other words, if the exclusivity of the WCA does not preclude a plaintiff's right to sue a third party, a merger should preserve that right. *Id.*

The federal courts suggest Pennsylvania law would consider the "dual persona" doctrine as narrower, or more conservative, than the "dual capacity" doctrine. *Van Doren, supra; Thomeier v. Rhone–Poulenc, Inc.,* 928 F.Supp. 548, 555 (W.D.Pa. 1996). Other jurisdictions, including the federal courts, have also stated:

[C]ourts consistently find the dual persona doctrine inapplicable in cases where the plaintiff would not have been able to bring suit against the predecessor company even if a merger had never occurred. The approach of these courts can be summarized as follows: if the plaintiff could not have sued the predecessor in tort if the merger had not occurred, they cannot sue the [successor] in tort. **This rationale is based on the idea that the dual persona doctrine should not be applied to allow "a merger to increase, rather than preserve, inchoate liability."**

*Van Doren, supra* at 801 (citations and footnotes omitted) (emphasis added). *See also Griffin, Inc. v. Loomis, Fargo & Co.,* 979 So.2d 416 (Fla.App.2008) (holding "dual persona" doctrine did not apply where employee worked for both predecessor and successor companies); *Herbolsheimer v. SMS Holding Co.,* 239 Mich. App. 236, 608 N.W.2d 487 (2000) (holding injured employee was limited to workers' compensation because employer's duty to make safe product as manufacturer/modifier was so related to its obligation as employer to provide safe workplace that these obligations could not be logically separated into two distinct legal obligations); *Minton v. Ralston Purina Co.,* 146 Wash.2d 385, 47 P.3d 556 (2002) (holding injured employee was limited to workers' compensation where employer merged with company that installed equipment that caused injury, employer assumed only those liabilities of that company which were limited to workers compensation benefits; employer had been paying workers compensation benefits since day accident occurred, and accident was not intentional tort); *Corr v. Willamette Indus., Inc.,* 105 Wash.2d 217, 713 P.2d 92 (1986) (holding injured employee was limited to workers' compensation where company that made equipment that caused injury merged into employer,

equipment that caused injury was at no time ever placed in stream of commerce, and company that made equipment gave equipment to employer at time of merger); *Braga v. Genlyte Group, Inc.*, 420 F.3d 35 (1st Cir.2005) (holding injured employee was limited to workers' compensation where company that purchased equipment that caused injury merged with employer, employee had worked for company that purchased equipment before merger occurred, and employee continued to work for employer after merger, using same equipment throughout employment; employee was injured on equipment after merger).

In the instant case, Nabisco originally employed Appellant since sometime in 1999–2000. Appellant became an employee of Kraft only after Nabisco and Kraft merged in 2001. After the merger, Appellant continued to work in the same Philadelphia Bakery where he had worked for Nabisco. Essentially the only thing that changed for Appellant was his paycheck now came from Kraft instead of Nabisco. The Ritz Cracker Cutting Machine was equipment Nabisco had manufactured specially for cutting Ritz crackers, it was used solely by Nabisco employees, and later used solely by Kraft employees; it was not available to the public at large. At no time was the special equipment sold to an outside company or put in the stream of commerce; it was merely transferred from Nabisco to Kraft by virtue of the merger. There is no evidence of record that Kraft modified the equipment.

Pennsylvania has been very strict in defining exceptions to the WCA, and has applied the "dual capacity" doctrine on only one occasion. *See Tatrai, supra.* The Pennsylvania Supreme Court has yet to apply the "dual persona" doctrine in the context of WCA immunity. *See Van Doren, supra* at 798. Were Pennsylvania

courts to accept the "dual persona" doctrine as a valid exception to the exclusivity of the WCA, the doctrine would not apply in this case for the following reasons. If Appellant had been injured while working for Nabisco, workers compensation would be his sole remedy; any third-party claim against Nabisco as the manufacturer of the equipment would fail. To allow Appellant to sue Kraft, solely as the successor in interest to Nabisco, for third-party damages effectively enlarges Appellant's remedies as a result of the merger, in contravention of the "dual persona" doctrine, which was designed to preserve but not expand liability. If Nabisco as the employer would have no third-party liability beyond workers compensation, then Kraft as the successor employer should have no third-party liability under the circumstances of this case. *See id.* Declining to apply the "dual persona" doctrine as an exception to the exclusivity of Pennsylvania's WCA in the present context, we ensure the preservation but prevent the expansion of liabilities or remedies.

Based upon the foregoing, we hold Appellant's only recourse against Kraft for his injuries sustained in the workplace is under Pennsylvania's WCA. Accordingly, we affirm.

Order affirmed.